### ADAMI v. ROBINSON.  (No. 2888.)

Court of Civil Appeals of Texas.  Amarillo. Oct. 19, 1927.

Rehearing Denied Nov. 16, 1927.

1. **Election of remedies 3(2)—Suing for specific performance held not election, precluding withdrawal of case from jury and amendment seeking damages for breach.**

Where lot owner made lease with defendant binding himself to erect building on lot, lease thereof to run from May 1, 1926, for five years, suit for specific performance was not election of remedies, precluding withdrawal of case from jury and amendment seeking recovery of damages for tenant's breach.

2. **Estoppel 68(2)—Landlord was not estopped by suit for specific performance from suing for breach of contract, where right to specific performance was waived.**

Landlord was not estopped by suit for specific performance of contract from withdrawing suit and suing for damages for breach thereof, where evidence showed that he waived his right to demand specific performance before suit therefor was filed.

3. **Election of remedies 12—Bringing action, which is dismissed before judgment, and in which no advantage is gained, is not "election."**

Mere bringing of action which has been dismissed before judgment, in which no advantage has been gained or legal detriment occasioned, is not "election."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Election.]

4. **Pleading 236(4)—Allowing withdrawal of specific performance suit from jury and amendment to pleading to present suit for breach of contract held within discretion.**

Where plaintiff brought suit for specific performance of lease contract, and after evidence was in, it was within trial court's discretion to allow plaintiff's request to withdraw case from jury and amend pleading so as to present suit for breach of contract.

5. **Appeal and error 1002—Finding of jury on conflicting evidence is conclusive on appeal.**

Where issue as to whether contract was rendered illegal by flipping of coin to determine signing thereof was submitted to jury on conflicting evidence, finding of jury thereon cannot be disturbed on appeal.

Appeal from District Court, Lynn County; Gordon B. McGuire, Judge.

Action by B. H. Robinson against O. B. Adami. From a judgment for plaintiff, defendant appeals. Affirmed.

Lockhart & Garrard, of Lubbock, for appellant.

Vickers, Campbell & Schenck, of Lubbock, for appellee.

RANDOLPH, J. The appellee, as plaintiff, brought suit against appellant, as defendant, to recover upon a written contract of lease. On the trial of the case, after the evidence was in, the trial court informed plaintiff's attorney that "under the law and the facts proven in the trial" he would be required to instruct the jury to render a verdict for the defendant; whereupon plaintiff requested the court to grant him permission to withdraw his announcement of ready for trial, so that he might amend his petition, which request the court granted, and the case was thereupon withdrawn from the jury and continued. Thereafter the case was tried and judgment rendered for plaintiff, from which judgment the defendant has appealed.

The plaintiff's cause of action was originally pleaded as being based upon allegations for specific performance of the contract. This was abandoned, and the case was tried upon his pleadings setting up his damages for breach of the rental contract.

The plaintiff, as owner of a lot in the town of Tahoka, entered into a written contract of lease with the defendant, in which contract the plaintiff bound himself to erect a one-story brick building upon said lot, to be completed and ready for defendant's occupancy on or before May 1, 1926, and such lease was to run from the 1st of May, 1926, for a period of five years. For this lease the defendant bound himself to pay the sum of $7,800—payable in monthly installments of $130 each. The building was not completed until about the 1st of July, 1926, but the plaintiff alleges that the defendant acquiesced in this delay in the completion of the building, and had certain work done to suit him in its construction, during the month of June, 1926, which allegation is sustained by the evidence. It also appears from the evidence that the defendant told the plaintiff he preferred that

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the building be not completed before the fall of the year. The evidence further shows that, at the time the contract and monthly rental notes were executed, they were placed in the bank, for the reason that, if there was any delay in the completion of the building the defendant might have credit on the notes for the expired time.

[1] The first and paramount question for our consideration is: The plaintiff having elected to pursue his remedy of specific performance, as originally pleaded, was he estopped, by so doing, from withdrawing the case from the jury, and afterwards seeking recovery of damages for breach of the lease contract?

The bringing of the suit for specific performance, the submission of the case to the jury and court, and the withdrawal of the case from the jury and court for the purpose of filing an amendment, seeking recovery upon a cause of action based on allegations of damages sustained by reason of the breach of the contract, is not such an election of remedies as precludes the plaintiff from recovery of damages for its breach. Ufford v. Wells, 52 Tex. 617; Stone Land & Cattle Co. v. Boon, 73 Tex. 548–555, 11 S. W. 544; Brodkey v. Lesser (Tex. Civ. App.) 157 S. W. 457, 458.

[2] It is not shown that the plaintiff had a cause of action for specific performance, at the time of the filing of the suit, or at the time of the withdrawal of same from the jury, but, on the contrary, the evidence shows that he had recognized the breach by defendant, and had re-entered on the premises; hence had waived his right to demand specific performance before he ever filed the suit, and for that reason had no choice of remedies. White v. Bell (Tex. Civ. App.) 290 S. W. 849; 20 C. J. 21.

[3] The mere bringing of an action, which has been dismissed before judgment, in which no advantage has been gained or legal detriment occasioned, is not an election. Lewis v. Powell (Tex. Civ. App.) 205 S. W. 737.

[4] The defendant takes the position that the abandonment of the attempt to enforce specific performance of the contract was a detriment to him, for the reason that, if plaintiff had pursued the remedy first elected by him, the defendant would have had the right to hold and maintain the property for a full period of five years, and that, if judgment had been rendered against him in said cause, he would have had the right to have purchased said property at sheriff's sale, and could have, and would have, protected himself from any damage which the plaintiff now seeks to recover against him by reason of his second amended original petition.

The withdrawal of the case from the jury and the amendment of the pleadings so as to

present a suit for damages for breach of contract was a matter within the sound discretion of the trial judge. It doubtless was a distinct disappointment to the defendant, but it was not a legal detriment.

[5] Upon the issue as to whether or not the contract was rendered illegal by the flipping of a coin to determine the signing of same by the parties, that matter was an issue upon which the evidence conflicted, and which was submitted to the jury, who found against the defendant's contention. This being true, we have no authority to make any other finding. We have considered all matters presented by appellant as error, and, finding no reversible error, we affirm the trial court's judgment.