## Neal Turner et al. v. H. L. Hunt et al.

No. 7043.   Decided May 18, 1938.
(116 S. W., 2d Series, 688.)

*Lasseter, Simpson, Spruiell & Lowry,* of Tyler, for plaintiffs in error.

Neal Turner having the right to select the acre of land in question should have same awarded to him, when he has made such selection. House v. Humble Oil & Refining Co., 97 S. W. (2d) 314 (writ refused); McCarty v. May, 74 S. W. 804; Ossheer v. Watt, 91 Texas 124, 41 S. W. 466; 2 Devlin on Real Estate, (3rd Ed.) 852.

*McEntire & Shank,* of Dallas, for defendants in error.

The uncontradicted evidence showing that plaintiffs have no title to the acre of land for which they have brought their suit in trespass to try title, the judgment of the trial court was properly reversed by the Court of Civil Appeals. Grissom v. Anderson, 125 Texas 26, 79 S. W. (2d) 619; Humble Oil & Refining Co. v. Clark, 126 Texas 262, 87 S. W. (2d) 471; Box v. Lawrence, 14 Texas 545.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

After trial without a jury, the district court rendered judgment in favor of plaintiffs in error against defendants in error for the title to one acre of land in Rusk County. The Court of Civil Appeals reversed the judgment and remanded the cause. 88 S. W. (2d) 520.

On November 22, 1924, Smith Wilson and wife, the common source of title, being the owners of a tract of land containing approximately 82 acres, conveyed to plaintiff in error Neal Turner 24 acres off the east end of the tract. The deed contained, after the description of the 24 acres by metes and bounds, the following: "There is also conveyed by this conveyance one acre of land for house setting, said acre to be surveyed at any suitable place along the south boundary line of said 82 acre tract, making 25 acres deeded in all." Neal Turner made no selection of the one acre until the early part of the year 1934, when he caused to be surveyed an acre of land rectangular in form on the south boundary line of the 82 acre tract and about 200 feet west of the 24 acres which had been conveyed to him by metes and bounds. The one acre so selected and surveyed is the land in controversy. At about the same time, on January 27, 1934,

Turner leased the one acre tract for oil and gas to plaintiffs in error J. W. Smith and R. H. Hedge. This suit was filed in March, 1934. Turner had theretofore, on March 18, 1929, executed to C. M. Joiner, trustee, an oil and gas lease covering the 24 acre tract. Smith Wilson on the same day, March 18, 1929, leased the 82 acre tract for oil and gas to C. M. Joiner, trustee, using a general description sufficiently broad to include the entire tract.

Oil was first produced in the East Texas oil field, in which the land in controversy is situated, in the fall of 1930. Defendant in error Hunt Production Company became the owner by assignments of the two oil and gas leases last above described and, sometime before Turner made his selection of the one acre, caused two producing oil wells to be drilled on the 24 acre tract and several producing oil wells to be drilled on the west 58 acres of the 82 acre tract. Turner knew that these wells had been drilled before he made selection of the one acre. No well has been drilled on the one acre tract in controversy. There is no evidence showing how far the producing wells are from the boundary lines of said tract.

On May 24, 1930, Turner and wife executed and delivered to plaintiff in error R. E. L. Silvey an instrument whereby they conveyed to him an undivided one-half interest in the oil, gas and other minerals in 25 acres out of the 82 acre tract, using the same description as that contained in the deed from Wilson and wife to Turner, that is, describing the 24 acres by metes and bounds and adding thereto the statement that there was also conveyed one acre of land for house seat, to be surveyed at any suitable place along the south boundary line of the 82 acre tract. This instrument contains, after the description of the land, the following paragraph:

"Said land being now under an oil and gas lease, executed in favor of C. M. Joiner, it is understood and agreed that this sale is made subject to the terms of said lease, but covers and includes one half of all of the oil royalty, and gas rentals or royalty due and to be paid under the terms of said lease in so far as it covers the above described property."

Plaintiffs in error Jacobs and Pittner are assignees of interests under the conveyance last described.

1 Wilson had the legal title to all of the 82 acre tract, except the east 24 acres, when on March 18, 1929, he executed the oil and gas lease to C. M. Joiner, trustee, for his deed to Neal Turner, as hereinafter shown, was not a present conveyance of the one acre. Turner's conveyance of the royalty interest to

Silvey was, by reason of the paragraph above quoted from it, a formal recognition of the validity of Wilson's lease to Joiner, which included the one acre in controversy, and constituted a ratification of that lease binding upon Turner to the same extent as if he had joined in the execution of the lease. Grissom v. Anderson, 125 Texas 26, 79 S. W. (2d) 619; Humble Oil & Refining Co. v. Clark, 126 Texas 262, 267-268, 87 S. W. (2d) 471. This formal recognition of Wilson's lease to Joiner was also binding upon plaintiffs in error J. W. Smith and R. H. Hedge, who claim under an oil and gas lease thereafter executed by Turner. Harvard v. Smith, 13 S. W. (2d) 743; Hardy v. De Leon, 5 Texas 211; Kimbro v. Hamilton, 28 Texas 560.

2   Plaintiffs in error make the contention that the effect of Turner's ratification of the lease executed by Wilson was destroyed by Turner's subsequent execution and Hunt Production Company's acceptance of an instrument confirming Turner's lease of the 24 acre tract to Joiner and making the description more certain. But that instrument was intended to affect and did affect only the lease which had been made by Turner to Joiner. It made no reference to Wilson's lease to Joiner or to Turner's ratification of that lease. It confined the Turner-Joiner lease to the 24 acre tract described by metes and bounds, but it in no way limited the scope of Wilson's lease to Joiner of the land to which Wilson had the legal title and it had no effect upon Turner's ratification of that lease in so far as it covered the one acre in controversy.

It follows that the trial court's judgment was erroneous in awarding the leasehold interest in the one acre to Neal Turner and other plaintiffs in error claiming under him. However, it is necessary to discuss other questions, for at least two of those who appealed from the judgment in favor of plaintiffs in error appear from the record to claim royalty interests in the land in controversy through deeds or assignments executed by Wilson. Turner's act of ratification extended only to the leasehold estate or interest and not to the royalty interest.

3   Defendants in error make the contention that the uncontradicted evidence shows that plaintiffs in error are barred by laches from asserting a right to the land in controversy. We agree with the conclusion of the Court of Civil Appeals that Turner acquired by the deed from Wilson (aside from the 24 acres) only an equitable right to choose and have surveyed a one acre tract of land out of the 82 acre tract and along its south

line. The general rule is that when a deed conveys a certain number of acres out of a tract containing a greater number of acres, the grantee acquires under the deed and at the time of its delivery an undivided interest in the whole tract measured by the proportion which the number of acres conveyed bears to the number of acres in the tract. Dohoney v. Womack, 1 Texas Civ. App. 354, 20 S. W. 950 (application for writ of error refused); Penny v. Booth, 220 S. W. 430 (application for writ of error refused); Gray v. Producers Oil Company, 227 S. W. 240; 14 Tex. Jur., pp. 1033-1034, Sec. 239; 8 R. C. L., p. 1084, Sec. 141; Devlin on Deeds, (3d Ed.) Vol. 2, p. 1949, Sec. 1019. But the deed does not have the effect of investing the grantee with title to an undivided interest in the whole tract, when it appears from the deed, as it does here, that the granor does not intend the conveyance to have such effect but intends rather to give the grantee the right to a specific tract to be selected out of the larger body of land. The right to make selection is not a present title but merely an equitable right. Wofford v. McKinna, 23 Texas 36; Dull v. Blum, 68 Texas 299, 4 S. W. 489; Hanrick v. Gurley, 93 Texas 458, 464, 470, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330; Nye v. Moody, 70 Texas 434, 8 S. W. 606; Wing v. Red, 145 S. W. 301 (application for writ of error refused); Corbin v. Jackson, 14 Wend. (N. Y.) 619, 28 Am. Dec. 550, 553-554; Armstrong v. Mudd, 10 B. Monroe (Ky.) 144, 50 Am. Dec. 545; Smith v. Furbish, 68 N. H. 123, 44 Atl. 358, 47 L. R. A. 226.

4  Such being the nature of the right to the one acre granted by Wilson's deed to Turner, the assertion of the right may be barred by laches. Dull v. Blum, 68 Texas 299, 301, 4 S. W. 489; Montgomery v. Noyes, 73 Texas 203, 11 S. W. 138. The right is one that may be lost by abandonment, provided, of course, the intention to abandon is sufficiently evidenced. Dykes v. Miller, 24 Texas 417; Miller v. Yates, 122 Texas 435, 443, 61 S. W. (2d) 767.

5  The question is not strictly one of delay in instituting suit after the accrual of the cause of action, which is usually determinable by the period of limitation fixed by statute. Here the delay is in asserting the right by making selection of the particular acre. Turner waited nearly nine years and a half to select the one acre and gave no explanation of the delay. In Dull v. Blum, 68 Texas 299, 301, 4 S. W. 489, it was held that a similar right was lost by an unexplained delay of twenty years in making choice of the land. It is our opinion that Turner's delay, a little less than ten years, though long and unexplained, cannot be held sufficient to defeat his right because the facts as

to the effects of the delay have not been developed. Except in case of extreme delay like that in Dull v. Blum, supra, delay, which works no injury or no disadvantage to another, is not such laches as will bar a right. Coleman v. Zapp, 105 Texas 491, 496, 151 S. W. 1040; Ross' Estate v. Abrams, 239 S. W. 705, 709; Id. (Com. App.) 250 S. W. 1019; Tomahagen v. Sarber, 29 S. W. (2d) 438; Brady v. Garrett, 66 S. W. (2d) 502; 27 Tex. Jur., p. 29, Sec. 12. It is said in Terry v. Prairie Oil & Gas Company, (U. S. C. C. A.) 83 Fed. (2d) 843, that the plea of laches is not controlled by mere passage of time and always presents a question of fact.

The statement of facts consists for the most part of documentary evidence. Neal Turner was the only witness. He testified that several oil wells were drilled on the 82 acres and that he knew they had been drilled before he asserted claim to any certain one acre. There is no evidence showing the number of oil wells or their proximity to the one acre tract selected by Turner, or as to the quality or value of the one acre compared with the other land, or of acts in reliance upon conduct of Turner, or of any facts or circumstances tending to prove such injury or disadvantage to defendants in error, worked by the delay, as would render inequitable the tardy assertion of the right.

6 The petition, tested by general demurrer, sufficiently alleges that defendants in error acquired their interests under Wilson with constructive notice of Turner's equitable right. The substance of the allegations is, when every reasonable intendment is indulged in favor of the sufficiency of the pleading, that the deed from Wilson to Turner was filed for record and recorded before defendants in error purchased, and that they were charged thereby with constructive notice of the right given Turner by the deed. These allegations are proven by the documentary evidence in the statement of facts. While the deed to Turner does not itself identify the acre of land, it gives Turner the right by making selection to render the description certain. The recorded deed charged defendants with constructive notice of such right, and they took their interests subject to it. Nye v. Moody, 70 Texas 434, 8 S. W. 606.

The description in plaintiffs in error's petition is insufficient to identify with certainty the land sued for, unless proof is made, 'as it probably can be made on another trial, of the location of the northwest corner of John Bell's thirty acre tract.

For the reasons given, the judgment of the Court of Civil

Appeals, reversing the judgment of the district court and remanding the cause, as to those who appealed, is affirmed.

Opinion adopted by the Supreme Court May 18, 1938.