### RAILROAD COMMISSION et al. v. SHELL OIL CO., Inc.

No. 4224.

Court of Civil Appeals of Texas. El Paso.

June 18, 1942.

Rehearing Denied Oct. 29, 1942.

Gerald C. Mann, Atty. Gen., and James P. Hart and E. R. Simmons, Asst. Attys. Gen., T. A. Bath, of Henderson, and M. H. Barton, of Overton, for appellant.

Dan Moody and J. B. Robertson, both of Austin, and R. H. Whilden, of Houston, for appellee.

SUTTON, Justice.

On a consideration of the motions for rehearing we have concluded we were not called upon to consider the question of whether or not the judgment rendered by the trial court was res adjudicata on the exception and issue of confiscation, and therefore not justified in so doing. We desire, therefore, to eliminate from our former opinion the discussion of that issue and to do so withdraw our former opinion and substitute therefor this opinion.

This is an appeal from a judgment of the 126th District Court of Travis County.

The Shell Oil Company, Inc., was plaintiff in the trial court and the parties will here be described as there.

The suit was to set aside and cancel a permit granted by the Railroad Commission to Christian to drill an oil well on a 3.33-acre tract of land in the East Texas oil field on an application made under the waste exception to Rule 37 of the Commission, and to enjoin any operations and production under the permit. The judgment of the trial court was for the plaintiff and the relief it sought. From that judgment the defendants have appealed.

The defendants have briefed eleven points under four groups.

The first, second and third groups have to do with election and abondonment, laches and estoppel. Each depends upon the common element of prejudice and injury. The fourth deals with the action of the trial court in setting aside the order and permit of the Commission. There are but two questions involved in the case, to-wit: Did the course pursued by the Shell lead the defendant, Christian, into a position of prejudice and injury, and is there substantial evidence to support the action of the Commission?

The facts involved in the first consideration are substantially as follows:

The permit was granted February 28, 1940; a motion for rehearing was filed March 4, 1940, and overruled March 16, 1940. March 9, 1940, the Shell filed a suit in the United States District Court, Western District, Austin Division, to enjoin any operations under the permit pending the suit and on final hearing for a cancellation of the permit and a permanent injunction enjoining any operations or production under the permit. There was no action taken in that suit until January 29, 1941, when it was dismissed on the plaintiff's own motion. The instant case was filed February 21, 1941. Plaintiff pleaded the filing of the suit in the Federal Court and the dismissal thereof following the decision in Railroad Commission v. Rowan & Nichols Oil Co., 310 U.S. 573, 60 S.Ct. 1021, 84 L.Ed. 1368, and 311 U.S. 614, 61 S.Ct. 66, 85 L.Ed. 390.

Christian alleged in his answer that the well was spudded on March 9, 1940, the date the Federal suit was filed, under a contract previously made for the drilling of the well, and that the well was completed on March 25, 1940. He testified he got notice of the filing of the Federal suit on March 4, 1940, shortly thereafter. He could not fix definitely the date the well was spudded and could not say it was spudded March 9, 1940.

■ The erroneous selection of a tribunal to hear and determine a cause of action does not constitute an election and bar of a subsequent suit in a court of competent jurisdiction. Employers' Cas. Co. v. Rockwall County, 120 Tex. 441, 35 S.W. 2d 690; Harris v. Keoun, Tex.Civ.App., 135 S.W.2d 194, writ refused. The rule in Texas is well established that the mere bringing of a suit, which is dismissed before judgment in which no advantage has been gained and no injury done, is not an election. Adami v. Robinson, Tex.Civ.App., 299 S.W. 659; Lewis v. Powell, Tex.Civ. App., 205 S.W. 737. Likewise laches, which is closely related to estoppel in general and a species of it—estoppel in pais, and estoppel are made to depend upon some prejudice or injury to the party who invokes them. Delay without injury or disadvantage is not laches. Turner v. Hunt, 131 Tex. 492, 116 S.W.2d 688, 117 A.L.R. 1066. Estoppel likewise involves the same element. Gulf Land Co. v. Atlantic Re-

fining Co., 134 Tex. 59, 131 S.W.2d 73, last ·par. page 85.

■ It may be properly presumed, if not compelled, that the trial court found, as he must have found, that Christian did not spend his money because of the pendency of the Federal suit nor because of the delay in the filing of the instant suit. Christian did know Shell was dissatisfied with the grant of the permit and was seeking to have it set aside in the Federal Court. He had to know the statutes fix no time limit within which the action must be brought. He can hardly be said to be in a position to say he waited a reasonable time, for the well was completed in all events the latter part of March, 1940. Delay in filing this suit could not well have led him into a position of prejudice and injury, since he entered into the contract to drill and did drill the well within so short a time after the grant of the permit.

As heretofore stated, this application was presented under the waste exception to Rule 37, and the Examiner confined the testimony to the one exception. The only evidence offered by Christian on the hearing before the Commission was:

"Mr. Griffin: This is the application of C. O. Christian for well No. 3 on the C. O. Christian fee of 3.3 acres. The applicant requests this well as it will put a well on the west side of his tract approximately equidistant between well No. 1 and the west line. It is our opinion that the drilling of this well would not create waste but would prevent waste by virtue of the fact that it will reduce the drainage area of wells in this area and will recover some oil which would otherwise not be recovered ultimately by any well in this area. That is the basis on which we request this application.

"Mr. Rogers: Is that all that you have?

"Mr. Griffin: Yes."

In the trial before the court more evidence was offered, but most of it under the confiscation exception.

■ On the question of waste the only evidence cited by the defendants is that of Mr. Griffin given in the trial court that if the well be drilled it will recover some oil that no other well will produce. This is true of the whole field and is not a condition peculiar to this particular area. He testified also that the water level in the area of this lease is higher than in other similarly located leases in the west side of

the field, where this lease is. He did not undertake to demonstrate how this would result in waste. We are unable to find any other testimony on this issue other than that above.

 Of course, the rule is and must be that the courts cannot substitute their own notions and ideas for those of the Commission in finding the facts and the formulation of judgment. If such were not the rule, the Administrative Body would cease to be such and the courts will have taken over such functions. 34 Tex.Jur. p. 713; Gulf Land Co. v. Atlantic Refining Co., supra, 131 S.W.2d at page 85. On the questions of fact the function of the court and the trial in the courts is to determine whether or not at the time the Commission made its order and granted the permit there existed sufficient facts to justify the same. Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022; Cook Drilling Co. v. Gulf Oil Co., 139 Tex. 80, 161 S.W.2d 1035.

We think, and hold, the evidence to be insufficient to support the order and permit of the Commission.

The judgment of the trial court is affirmed.

WALTHALL, J., not participating.