VICENTE L. JIMÉNEZ, Plaintiff and Appellant, *v.* PENSION BOARD OF THE OFFICERS AND EMPLOYEES OF THE INSULAR GOVERNMENT, ETC., Defendant and Appellee.

No. 8285. Argued November 4, 1942.—Decided December 21, 1942.

*Dubón & Ochoteco* for appellant. *George A. Malcolm, Attorney General,* and *R. García Cintrón, Deputy Attorney General,* for appellees.

Mr. Justice De Jesús delivered the opinion of the court.

Since May 2, 1911, the plaintiff-appellant has been, or at least had been, at the time this complaint was filed, a permanent employee of the Insular Government, registered in

the Classified Civil Service, to whom the provisions of Act No. 104 of September 2, 1925 (Laws of 1925, p. 948) were applicable.

Sometime before August 2, 1933, the plaintiff applied to defendant Board for his retirement to which he was entitled pursuant to §8 of said Act No. 104 of 1925 then in force and which reads as follows:

"Section 8.—Any officer or employee in the service to whom this Act is applicable and who shall have rendered at least twenty years of service computed in accordance with section 2 of this Act, shall be entitled to retirement on an annual life pension equal to two (2) per cent of his average basic annual salary or compensation during his last seven years of computable service, multiplied by his number of years of service."

On August 2, 1933, his retirement was granted and the Board notified him by letter of August 4, wherein it stated that the pension certificate would be sent to him in due course and that he would then be informed of the amount of the same. At that time there existed an order in the Board whereby the employees to whom the retirement had been granted, had ninety days within which to leave the position and be entitled to the benefits of the pension. Before the expiration of said term, which in this case would have been on November 3, 1933, the defendant, on October 25 of the same year issued another order, which was notified to the plaintiff on the 27th of said month, and according to which the plaintiff could remain in active service after November 3, 1933, until further notice, without thereby losing his right to the pension already granted.

The plaintiff remained in his position and during this time, on August 3, 1933, Act No. 37 of May 4 of that year (Laws of 1933, p. 268) went into effect wherein §8 of the Act of 1925 copied above, was amended as follows:

"Section 8.—Any officer or employee in the service, to whom this Act is applicable, who has reached the age of fifty years and

who has rendered at least twenty-five (25) years of service computed in accordance with section 2 of this Act, and any officer or employee who has rendered services for at least thirty years, regardless of age limit, shall be entitled to retirement on an annual life pension equal to two (2) per cent of his average basic annual salary or compensation during his last ten (10) years of computable service, multiplied by his number of years of service."

At the end of §9 of said Act No. 37 there was a provision which protected the rights acquired under a previous law.

Things stood this way until on July 16, 1935, a new Pension Act was approved (Special Session Laws, p. 126), which went into effect immediately, providing in its §11 the following:

"Section 11.—Each official and employee of the Innsular Government of Puerto Rico, who, before this law takes effect, has been retired, or whose application for retirement has been favorably acted upon, in accordance with the provisions of Act No. 22 of September 22, 1923, and of Act No. 104, of September 2, 1925, as amended by Act No. 33 of April 21, 1928, by Act No. 73 of May 6, 1930, and by Act No. 37 of May 4, 1933, shall be entitled to receive the life annuity originally granted to him, less a deduction which shall be computed as follows: from pensioners who are now fifty years old or less, a deduction of 20 per cent shall be made; from those of over fifty years, such deduction shall be reduced at the rate of one per cent for each year of age over fifty, so that from those seventy years of age, such deduction will be reduced to zero; *Provided*, That these deductions shall not be applicable to life annuities of less than thirty (30) dollars, or to such pensioners as are physically disabled for work and have no other income whatsoever."

On August 17, 1935, the plaintiff asked the defendant Board to inform him of the amount of his pension in accordance with the retirement which had been granted to him on August 2, 1933, and the Board answered on September 4, 1935, that in order to compute the pension to which the plaintiff was entitled, he had to inform the Board the date

on which he had ceased to work as an employee of the Insular Government.

In the meantime, on August 21, 1935, the Board approved an order cancelling all pensions of employees who had not gone into retirement, among whom was the plaintiff; seven days later, on the 28th of the same month, it annulled said order of August 21 so as to enable persons who were in a condition similar to plaintiff's to enjoy the benefits of the retirement granted to them, and fixed a term of one month. But before the expiration of this period, the Board reconsidered its decision and on September 11, 1925, issued another order by virtue of which its resolutions of August 21 and 28 were annulled, and re-established the situation which formerly existed when the order of October 25, 1933, was issued, under which, as we have seen, the term fixed for the plaintiff to cease in his emplyoyment and retire, was extended indefinitely until further notice. Thereafter two years elapsed, until on July 20, 1937, the plaintiff again informed the Board of his definite intention to cease working, on December 31, 1937. The Board answered that the amount of the pension could not be determined until he had ceased entirely in his active service in the Insular Government.

Relying on the stated facts, the plaintiff applied for a declaratory judgment in this case and alleged further that there existed a difference of opinion between him and the Board with respect to the amount of the pension to which he is entitled. The plaintiff maintains that inasmuch as said pension was granted to him under Act No. 104 of 1925, his retirement should be computed according to said Act and that there should be included not only the two years of service renderd until August 2, 1933, but also the years that have elapsed from that date until he definitely ceased in his work, but the defendant contends, according to the plaintiff, that this latter period should not be included in the computation. At the close of his petition, the plaintiff prayed that

a declaratory judgment be rendered deciding (*a*) that the pension should be computed pursuant to Act No. 104 of 1925, including the term in controversy, and (*b*) that he should be granted any other remedy consistent with the averments.

The defendant admitted the facts of the complaint, but stated, in regard to the alleged difference of opinion, that it had never decided that the plaintiff was entitled to a pension, and then alleged as special defenses:

(*a*) That the Pension Board which granted the pension to the plaintiff had no authority to extend for an indefinite period the term within which he had to cease in his work in order to avail himself of the retirement granted to him on August 2, 1933.

(*b*) That the plaintiff waived his right to his pension by failing to avail himself of the same within a reasonable time.

(*c*) That the plaintiff is guilty of laches.

(*d*) That in case the Board would have been authorized to extend for an indefinite time said term, the right to a pension was abolished by virtue of §11 of Act No. 23 of July 16, 1935, inasmuch as at no time prior to the enforcement of the act just mentioned, had the amount of plaintiff's pension been determined.

(*e*) And, lastly, that the complaint does not state facts sufficient to constitute a cause of action.

After the case was submitted by brief, the judgment appealed from was rendered, whereby it was held: that inasmuch as the application for retirement had been filed while Act No. 104 of September 2, 1925, was in force, the plaintiff was entitled to the pension applied for, including only the twenty-two years of services above referred to, that is, from May 2, 1911, when he began to work in the Insular Government, until the day on which he filed his application for retirement, with the understanding that said pension is subject to the discounts provided by §11 of Act No. 23 of July 16, 1935, cited above. From this judgment both parties ap-

pealed, but the defendant abandoned its appeal two months later.

The appellee, in its brief accepts the judgment which has given rise to this appeal as entirely correct. If it were an ordinary appeal we could confine ourselves to the errors assigned by the appellant. But since there is involved herein an appeal from a declaratory judgment, the whole case is before the appellate court for review in order to decide whether the plaintiff has a right to the remedy prayed for, even though the appellant only objects to a portion of the judgment. *R K O Distributing Corporation* v. *Film Center R. Co.* (1936, Ohio) 5 N. E. (2d) 927, 929; Borchard on Declaratory Judgments, 2d ed., 253, 254; Anderson on Declaratory Judgments, pp. 622, §213. This being so, the first question to be considered is the sufficiency of the complaint to constitute a cause of action. A mere reading of the averments of the complaint, as summarized by us, leaves no doubt that plaintiff's rights are affected by Act No. 104 of September 2, 1925, and by Act No. 23 of July 16, 1935, and that there exists a controversy between the plaintiff and the defendant which can be properly decided within this proceeding.

Let us now consider the case on its merits. Is the plaintiff entitled to receive a pension pursuant to Act No. 104 of 1925? When the plaintiff applied for his retirement, prior to August 2, 1933, said §8 of Act No. 104 was in force and it provided that any employee of the Insular Government to whom this Act is applicable and who shall have rendered at least twenty years of service, was entitled to retirement on an annual life pension computed in the manner prescribed by said act. As we have pointed out, this section was amended by Act No. 37 of 1933, enacted on May 4 of said year, effective ninety days after its approval, that is on August 3, 1933, and not on August 2 of the same year as was erroneously assumed by the lower court. Section 8

of the Civil Code (1930 ed.). Under these conditions, there is no doubt that when the plaintiff applied for his retirement and the same was granted by the Board on August 2, 1933, the act which was then in force was Act No. 104 of 1925, in accordance with which the plaintiff was entitled to his retirement without the need of rendering twenty-five years of service or of having reached the age of fifty years as required by §8 as amended by Act No. 37 of 1933. We have stated that Act No. 37 of 1933 protected the rights acquired under a previous law. However, the defendant maintained that in case that Act No. 104 of 1925 (§8) should turn out to be the applicable law, the plaintiff would not be entitled to the pension provided by §11 of the Act of July 16, 1935 copied above, since the Board did not determine, at any time, the amount of the pension.

Defendant's contention relies on the ground that, according to it, the purpose of the statute just cited is to protect the pensions granted under former legislation provided that the amount of the pension had been determined when granting the same, inasmuch as when referring to said pensioners, §11 provides that they shall be entitled to receive the annuity *originally granted to them, less* a deduction which is computed in said section, and as no pension *was originally granted* in this case, the plaintiff is not protected by said act.

We do not agree with defendant's reasoning. It is obvious that the purpose of §11 of the Act of 1935 is to provide for the discount in question. The annuity *originally granted* is mentioned only to fix a parting point, that is, to determine the amount from which the discount should be made, and this amount can be easily determined in the present case by a simple arithmetical operation described in §8 of Act No. 104 of 1925. *Id certum est quod certum reddi potest.* The fact that the Board did not comply with its duty which was mandatory, according to §11 of Act No. 104

of 1925, and failed to determine the amount of the pension in granting the retirement, can, in no way, prejudice the plaintiff. Said section provides in its pertinent part that "the Civil Service Commission shall return said application to the Pension Board with all documents showing the services rendered by the applicant, and the board shall decide whether the pension requested may be granted and *the amount thereof, in accordance with this Act.*" (Italics ours.) In *Tirado* v. *Retirement Pension Board*, 38 P.R.R. 901, 904, we stated the following in regard to that point:

"There can be no doubt of the creation of the right to a pension. This is not a case of a pension that may be granted or refused discretionally by a certain board or authority. It is a right created by the law under certain conditions and with respect to which the Pension Board has no discretionary power whatever. Either the conditions required by the law are not present and the Board can not grant or fix the pension, or they are present *and the Board has no other mission than to comply with the statutory mandate and compute the amount of the pension in accordance with the provisions governing the matter.* The statutory mandate displaces all discretion in this case." (Italics ours.)

The plaintiff acted with due diligence, requiring the Board, on different occasions, to comply with its duty and fix the amount of the pension, and as we said in *Tirado* v. *Retirement Pension Board, supra,* "it would be just for him to suffer the consequences of his own acts, but not those of others."

The plaintiff was not guilty of laches, as charged by the defendant. Apart from the fact that, as we have seen, he acted diligently in claiming his right, we do not find in this case the essential element that will support said defense successfully. This is a defense in equity and any person who invokes the same for his benefit must show that the delay on the part of the other to exercise his right has prejudiced him. *McKnight* v. *Taylor,* 1 How. 161, 11 U. S. (L. ed.) 86; *Southern Pac. Co.* v. *Bogert,* 250 U.S. 483; *Turner*

v. *Hunt,* 116 S. W. (2d) 688, 117 A.L.R. 1066; *Hull* v. *Mortgage Security Corporation,* 111 A.L.R. 118. The defendant has not been caused any prejudice in the instant case. On the contrary, it has had the benefit of not disbursing until now the amount of the pension which otherwise the plaintiff would have received since 1933.

█ We agree with the appellee that the Board which granted the pension had no right to extend indefinitely the term within which the plaintiff should have ceased in his work in order to avail himself of a permanent annuity; but this circumstance, as we have said, caused no prejudice to the defendant, and there is no disposition in the statute providing that said failure to act annuls the right to the pension already granted.

██ The plaintiff contends that in the computation of his pension there should be included the years of services which he rendered from the date when the pension was granted, that is, August 2, 1933, until his retirement. But to this he is not entitled. Section 11 of Act No. 104, as we have said, provided that the pension should be fixed at the time the Board decides whether the applicant is entitled to retirement, and the decision granting the same was rendered on August 2, 1933. Therefore, in order to compute the amount of the pension, it can only consider up to 1933. The plaintiff can not invoke Act No. 104 of 1925 when he deems it beneficial and then reject the same when it proves prejudicial.

█ There is no room for doubt in the express language of §11 of the Act of 1936 copied above that plaintiff's pension, in the same way as the others that were granted pursuant to Act No. 104 of September 2, 1925, is subject to the discount in controversy.

The judgment appealed from is a correct decision of the difference of opinion existing between both parties. Therefore it must be affirmed.