VICENTE L. JIMÉNEZ, demandante y apelante, *v.* JUNTA DE RETIRO DE LOS FUNCIONARIOS Y EMPLEADOS DEL GOBIERNO INSULAR DE PUERTO RICO, ETC., demandados y apelados.

Núm. 8285.—*Sometido:* Noviembre 4, 1942. *Resuelto:* Diciembre 21, 1942.

*Dubón & Ochoteco,* abogados del apelante; *Hon. Procurador General George A. Malcolm* y *R. García Cintrón, Procurador General Auxiliar,* abogados de los apelados.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Desde el 2 de mayo de 1911 el demandante apelante es, o por lo menos era en la fecha en que se radicó la demanda, empleado permanente del Gobierno Insular, incluído en el Servicio Civil Clasificado, acogido a las disposiciones de la Ley núm. 104 de 2 de septiembre de 1925 (pág. 949).

Pocos días antes del 2 de agosto de 1933, el demandante solicitó de la Junta demandada le concediese el retiro a que pretendía tener derecho de conformidad con la sección 8 de la citada Ley núm. 104 de 1925 entonces en vigor y que literalmente decía así:

"Sección 8.—Cualquier funcionario o empleado en servicio a quien sea aplicable esta Ley, y que haya prestado por lo menos veinte años de servicios computados de acuerdo con la sección 2 de esta Ley, tendrá derecho a retiro con una pensión vitalicia anual igual al dos por ciento (2) del promedio de sus sueldos o compensaciones básicas anuales durante los siete últimos años de servicios computables, multiplicado por el número de años de servicios."

El 2 de agosto de 1933 le fué concedido el retiro, notificándoselo así la Junta por comunicación del 4 del mismo mes en la que le decía que oportunamente le enviaría el certificado de pensión y le informaría el montante de la misma. Para aquella fecha regía un acuerdo de la Junta a virtud del cual los empleados a quienes se concedía el retiro disponían de noventa días para dejar el empleo y empezar a disfrutar de los beneficios de la pensión. Antes de que venciese el referido plazo, que en el caso del demandante debería ser el 3 de noviembre de 1933, la demandada, el 25 de octubre del mismo año, tomó otro acuerdo de conformidad con el cual el 27 de dicho mes se notificó al demandante que hasta nuevo aviso podía permanecer en servicio activo después del 3 de noviembre de 1933 sin que por ello perdiese los derechos a la pensión que le había sido concedida.

Continuó el demandante en el desempeño de su empleo y mientras tanto, el 3 de agosto de 1933, empezó a regir la Ley

núm. 37, aprobada el 4 de mayo de ese año (pág. 269), por la cual la sección 8 de la ley de 1925 antes transcrita quedó enmendada en la siguiente forma:

"Sección 8.—Cualquier funcionario o empleado en servicio, a quien sea aplicable esta Ley, que haya alcanzado la edad de cincuenta años y que haya prestado por lo menos veinticinco (25) años de servicio computados de acuerdo con la sección 2 de esta Ley, y cualquier funcionario o empleado que haya prestado por lo menos treinta (30) años de servicio, sin límite de edad, tendrá derecho a retiro con una pensión vitalicia anual igual al dos (2) por ciento del promedio de sus sueldos o compensaciones básicas anuales, durante los diez (10) últimos años de servicios computables, multiplicados por el número de años de servicio."

Contenía esta Ley núm. 37 un "disponiéndose" al final de su artículo 11 que protegía los derechos adquiridos al amparo de una legislación anterior.

Así continuaron las cosas hasta que por Ley de 16 de julio de 1935 (Sesión extraordinaria, pág. 127), que empezó a regir inmediatamente, se aprobó una nueva ley de retiro cuya sección 11 prescribe:

"Sección 11.—Cada uno de los funcionarios y empleados del Gobierno Insular de Puerto Rico que, antes de entrar en vigor esta Ley, hubiere sido retirado o cuya solicitud de pensión hubiere sido resuelta favorablemente de acuerdo con las disposiciones de las Leyes Núm. 22 de 22 de septiembre de 1923, y Núm. 104 de 2 de septiembre de 1925, tal como fué enmendada por la Ley Núm. 33 de 21 de abril de 1928, por la Ley Núm. 73 de 6 de mayo de 1930, y por la Ley Núm. 37 de 4 de mayo de 1933, tendrá derecho a recibir la renta vitalicia que le fué originalmente asignada menos un descuento que se computará en la forma siguiente: A los pensionados que tengan actualmente 50 años o menos de edad se descontará el 20 por ciento. A los que tengan más de 50 años se les reducirá este descuento a razón de 1 por ciento por cada año de edad que tengan sobre 50, de modo que a los de 70 años de edad este descuento quedará reducido a cero. *Disponiéndose*, que estos descuentos no serán aplicables a rentas vitalicias menores de treinta dólares ni a aquellos pensionados que se encuentren físicamente incapacitados para trabajar y que no tengan otro ingreso de clase alguna."

El 17 de agosto de 1935 el demandante solicitó de la Junta demandada le informase el montante de la pensión de acuerdo con el retiro concedídole el 2 de agosto de 1933, contestando la Junta el 4 de septiembre de 1935 que para poder computar la pensión a que tenía derecho el demandante, precisaba conocer la fecha de su cese como empleado del Gobierno Insular.

Mientras tanto la Junta, el 21 de agosto de 1935, había aprobado una resolución cancelando todas las pensiones cuyos beneficiarios no hubieran empezado a disfrutar del retiro, entre los cuales se hallaba el demandante; y siete días después, el 28 del mismo mes, dejaba sin efecto su citada resolución de 21 de agosto a fin de que las personas que se hallaban en las condiciones del demandante pudiesen acogerse a los beneficios del retiro concedídoles, para lo cual se fijaba un plazo de un mes. Pero antes de que este último término expirase, la Junta volvió sobre sus pasos y tomó otro acuerdo el 11 de septiembre de 1935, a virtud del cual quedaron sin efecto sus citadas resoluciones de 21 y 28 de agosto, restableciendo la situación que prevalecía al aprobar su resolución de 25 de octubre de 1933 de conformidad con la cual, como hemos visto, se prorrogó indefinidamente y hasta nuevo aviso el término fijado para que el demandante cesase en su empleo y empezase a disfrutar de su retiro. Transcurrieron así dos años hasta que el 20 de julio de 1937 volvió el demandante a dirigirse a la Junta, participándole su propósito de cesar definitivamente en el servicio el 31 de diciembre de 1937, contestándole la Junta que el montante de la pensión a que pudiera tener derecho no podía ser determinado mientras no se hallase absolutamente separado del servicio activo del Gobierno Insular.

Basándose en los hechos expuestos, el demandante presentó la solicitud de sentencia declaratoria de este caso, alegando en adición a lo dicho que entre él y la Junta existe una divergencia de criterio con respecto al montante de la pensión a que alega tener derecho, sosteniendo el deman-

dante que habiéndosele concedido dicha pensión bajo el imperio de la Ley núm. 104 de 1925, su retiro debe computarse de conformidad con la misma e incluir no sólo los años de servicios prestados hasta el 2 de agosto de 1933, si que también los transcurridos desde esa fecha hasta aquella en que definitivamente cese en su empleo, sosteniendo la demandada, según alega el demandante, que ella no está conforme con que se incluya en el cómputo el período últimamente mencionado. Terminó el demandante con súplica de que se dicte sentencia declaratoria estableciendo que: (*a*) la pensión debe computarse de conformidad con la Ley 104 de 1925, incluyendo el período en cuestión, y (*b*) que se le conceda cualquier otro remedio compatible con las alegaciones.

La demandada aceptó los hechos alegados en la demanda, aclarando, respecto a la alegada divergencia de criterio, que nunca ha sostenido que el demandante tenga derecho a pensión, e inmediatamente alegó como defensas especiales:

(*a*) Que la Junta de Retiro que concedió la pensión al demandante carecía de facultad para prorrogar indefinidamente el plazo dentro del cual debería éste separarse del servicio para poder disfrutar del retiro concedídole el 2 de agosto de 1933.

(*b*) Que el demandante renunció al derecho de retiro al no ejercitarlo dentro de un tiempo razonable.

(*c*) Que el demandante incurrió en *laches*.

(*d*) Que en el supuesto de que hubiera existido la facultad de prorrogar indefinidamente dicho plazo, el derecho al retiro quedó abrogado a virtud de la sección 11 de la Ley núm. 23, aprobada el 16 de julio de 1935, toda vez que en ningún momento antes de la vigencia de la ley últimamente citada se fijó el montante de la pensión al demandante.

(*e*) Y por último, que la demanda no aduce hechos constitutivos de causa de acción.

Sometido el caso por las alegaciones, se dictó la sentencia apelada, decretando: que habiendo sido presentada la solicitud de retiro durante la vigencia de la Ley núm. 104 de 2

de septiembre de 1925, el demandante tiene derecho a la pensión solicitada, incluyendo solamente los veintidós años de servicios de que se ha hecho referencia, o sea desde el 2 de mayo de 1911, fecha en que empezó a trabajar con el Gobierno Insular, hasta aquélla en que presentó la petición de retiro, y siendo entendido que dicha pensión está sujeta a los descuentos prescritos por la sección 11 de la Ley núm. 23 de 16 de julio de 1935 arriba transcrita. Fué contra la indicada sentencia que una y otra parte establecieron recurso de apelación, desistiendo del suyo la demandada dos meses después.

■■ En el alegato de la apelada se acepta como enteramente correcta la sentencia que motiva este recurso. De tratarse de un procedimiento ordinario podríamos circunscribirnos a considerar los errores señalados por el apelante. Pero tratándose de una apelación de una sentencia declaratoria, todo el caso está ante el tribunal de apelación para su revisión a fin de determinar si el demandante tiene derecho al remedio solicitado, a pesar de que el apelante sólo objete a una parte de la sentencia. *RKO Distributing Corporation* v. *Film Center R. Co.* (1936, Ohio) 5 N. E. (2d) 927, 929; Borchard *on Declaratory Judgments* (2a. ed.) 253, 254; Anderson *on Declaratory Judgments,* pág. 622, sec. 213. Siendo ello así, la primera cuestión que debemos considerar es la suficiencia de la demanda para determinar una causa de acción. Una mera lectura de la síntesis que hemos hecho de las alegaciones de la demanda no deja dudas de que el derecho del demandante es afectado por la Ley núm. 104 de 2 de septiembre de 1925 y por la número 23 de 16 de julio de 1935 antes citadas, y que entre el demandante y la demandada existe una controversia que puede ser determinada efectivamente dentro de este procedimiento.

■ Pasemos ahora a considerar los méritos de las cuestiones suscitadas. ¿Tiene el demandante derecho a recibir una pensión al amparo de la Ley núm. 104 de 1925? Cuando antes del 2 de agosto de 1933 el demandante solicitó su retiro,

estaba en vigor la citada sección 8 de la Ley núm. 104, a virtud de la cual un empleado del Gobierno Insular acogido a dicha ley, que hubiese prestado veinte años de servicios, tenía derecho a retiro con una pensión vitalicia computada en la forma prescrita en dicho precepto legal. Este artículo, conforme hemos indicado, fué enmendado por la Ley núm. 37 de 1933, aprobada el 4 de mayo de dicho año, para empezar a regir noventa días después de su aprobación, o sea el 3 de agosto de 1933, y no el 2 de agosto del mismo año, como equivocadamente asumió la corte inferior. Artículo 8 del Código Civil (ed. 1930). En tales condiciones, al solicitarse por el demandante la pensión y al concedérsela la Junta el 2 de agosto de 1933, no cabe duda que la ley entonces en vigor era la número 104 de 1925, de conformidad con la cual el demandante tenía derecho al retiro sin necesidad de haber prestado veinticinco años de servicios ni haber alcanzado la edad de cincuenta años como exigía la sección 8, según fué enmendada por la Ley núm. 37 de 1933. Ya hemos apuntado que la Ley núm. 37 de 1933 dejó a salvo los derechos adquiridos al amparo de una legislación anterior. Se sostuvo, sin embargo, por la demandada que en el supuesto de que la ley aplicable fuese la 104 de 1925 (sección 8), el demandante no tiene derecho a la pensión de conformidad con la sección 11 de la Ley de 16 de julio de 1935 antes transcrita, toda vez que la Junta en ningún momento fijó el montante de la pensión.

El argumento de la demandada parece descansar en que, según ella, el propósito del precepto legal que acabamos de citar es salvaguardar los retiros concedidos al amparo de las anteriores legislaciones, siempre que al concederlos se hubiese fijado el montante de la pensión, ya que dicha sección 11, al referirse a dichos pensionados, prescribe que tendrán derecho a recibir la renta que *les fué originalmente asignada,* menos el descuento que en la citada sección se impone, y como ninguna pensión *fué originalmente asignada* en este caso, el demandante no está protegido por dicha ley.

No está en lo cierto la demandada. El evidente propósito de la sección 11 de la ley de 1935 es crear el descuento de referencia. La mención que se hace a la renta *originalmente asignada* es para fijar un punto de partida, es decir, determinar de qué suma ha de hacerse el descuento, y esta suma fácilmente puede determinarse en el presente caso por medio de la sencilla operación aritmética indicada en la sección 8 de la Ley núm. 104 de 1925. *Id certum est quod certum reddi potest.* El hecho de que la Junta, faltando al deber que imperativamente le imponía la sección 10 de la Ley núm. 104 de 1925, omitiese fijar el montante de la pensión al conceder el retiro, en manera alguna perjudica al demandante. Dicha sección en lo pertinente prescribe que "la Comisión de Servicio Civil devolverá la solicitud a la Junta de Retiro con todos los documentos creditivos de los servicios prestados por el solicitante, y la junta resolverá si la pensión solicitada puede ser concedida y *el montante de ella, de acuerdo con esta Ley.*" (Bastardillas nuestras.) A este efecto, dijimos en *Tirado v. Junta de Retiro de Empleados,* 38 D.P.R. 1002, 1006:

"De la creación de un derecho a pensión, no puede caber duda alguna. No se trata de una pensión que pueda, discrecionalmente, concederse o negarse por una junta o autoridad determinada. Se trata de un derecho que la ley crea, mediante la existencia de determinadas condiciones, y con respecto al que la Junta de Pensiones no tiene facultad discrecional alguna. O no se han dado las condiciones que la ley exige, y la junta no puede conceder o fijar la pensión: o se han dado, *y la junta no tiene más misión que cumplir el mandato del estatuto, y fijar el montante de la pensión, de acuerdo con los preceptos reguladores de la materia.* El mandato de la ley desplaza toda discreción en este caso." (Bastardillas nuestras.)

Con razonable diligencia actuó el demandante, exigiendo repetidas veces que la Junta cumpliera con su deber y fijara el montante de la pensión. Como se dijo en *Tirado v. Junta de Retiro,* supra, "sería justo que él sufriera las consecuencias de sus propios actos; pero no las de los ajenos."

No incurrió el demandante en *laches,* como le imputa la demandada. Aparte de que, como hemos visto, él fué diligente en la reclamación de su derecho, no existe en este caso el elemento esencial para que pueda alegarse con éxito esa defensa. Es ésta una defensa de equidad, y quien la invoque en su beneficio debe demostrar que la dilación de la otra parte en ejercitar su derecho le ha causado perjuicio. *McKnight* v. *Taylor,* 1 How. 161, 11 U.S. (L. ed.) 86; *Southern Pac. Co.* v. *Bogert,* 250 U. S. 483; *Turner* v. *Hunt,* 116 S. W. (2d) 688, 117 A.L.R. 1066; *Hall* v. *Mortgage Security Corporation,* 111 A.L.R. 118. Ningún perjuicio ha sufrido la demandada en el presente caso. Por el contrario, ha tenido el beneficio de no haber desembolsado hasta la fecha la pensión que de otro modo hubiera recibido el demandante desde el año 1933.

Convenimos con la apelada en que la Junta que concedió la pensión no tenía derecho a prorrogar indefinidamente el término dentro del cual debería el demandante abandonar el servicio para disfrutar de la pensión vitalicia; pero esta circunstancia, como hemos dicho, ningún perjuicio causó a la demandada ni existe en la ley precepto alguno dispositivo de que tal omisión anule el derecho a la pensión concedida.

Pretende el demandante que al computarse el montante de su pensión se tengan en cuenta los años de servicios prestados desde que le fué concedida en 2 de agosto de 1933 hasta que se retire del servicio. A esto no tiene derecho. La sección 11 de la Ley núm. 104, como hemos visto, prescribía que la pensión debería fijarse al resolver la Junta si el solicitante tenía derecho al retiro, y la resolución concediéndolo tuvo efecto el 2 de agosto de 1933. De manera, pues, que hasta el 1933 sólo puede tomarse en cuenta para la computación del montante de la pensión. No puede el demandante invocar la Ley núm. 104 de 1925 en lo que le beneficia y repudiarla en cuanto le perjudica.

El lenguaje expreso de la sección 11 de la ley de 1935 antes transcrita no permite siquiera dudar que la pensión

del demandante, como todas las demás que se concedieron al amparo de la Ley núm. 104 de 2 de septiembre de 1925, está sujeta al descuento en cuestión.

*La sentencia apelada correctamente resolvió la divergencia existente entre las partes. Procede confirmarla.*