R. V. WHITESIDE, Appellant,

v.

A. L. BELL et al., Appellees.

No. 7208.

Court of Civil Appeals of Texas.

Texarkana.

June 14, 1960.

Rehearing Denied July 5, 1960.

Abney, Abney & Baldwin, Marshall, Kilgore & Kilgore, Dallas, for appellant.

Furrh & Peteet, Edward L. Peteet, Marshall, for appellees.

DAVIS, Justice.

On November 18, 1916, W. R. Sherrod and wife, Fannie E. Sherrod, executed a deed conveying 100.37 acres of land to Howard Spann for a consideration of $100 cash payment and six vendor's lien notes in the principal sum of $329 each, in the total sum of $1,074, Sherrod reserving a vendor's lien on the property for the security of the payments.

On April 10, 1919, Howard Spann and wife, Irene Spann, conveyed an equitable interest in and to one-half of the minerals under the 100.37 acre tract of land to John Fitzpatrick for a consideration of $51. On September 6, 1919, John Fitzpatrick conveyed by quit-claim deed the one-half mineral interest he had acquired from Howard Spann and wife, Irene Spann to R. V. Whiteside.

Spann had apparently paid two of the notes prior to 1922. On November 18, 1922, W. R. Sherrod and Howard Spann agreed to an extension of the last four vendor's lien notes until November 18, 1923, and it was recited in said extension that the last four notes were still due and unpaid. The extension was filed for record on November 19, 1922.

On November 18, 1923, W. R. Sherrod and Howard Spann agreed to a further extension of the last four notes, making them to become payable each year from November 18, 1924 through November 18, 1927.

On November 18, 1927, the last four notes were further extended so that they could become due on or before November 18, 1928.

On September 4, 1928, the will of W. R. Sherrod was admitted to probate in the County Court of Harrison County, Texas, reciting that W. R. Sherrod died on July 18, 1928. Jesse I. Carter was named as in-

dependent executor without bond in the will, and in accordance with the terms of the will he duly qualified by taking the oath required by law.

On November 16, 1928, Jesse I. Carter, as independent executor of the will of W. R. Sherrod, transferred the last four vendor's lien notes along with all liens and titles belonging to the W. R. Sherrod Estate to A. L. Webster. In the transfer they recited the original deed from Sherrod to Spann. This instrument was filed for record November 18, 1928.

On February 1, 1932, Howard Spann and wife, Irene Spann, conveyed the land secured by the lien to A. L. Webster, the lien holder, in consideration of the cancellation and surrender of the last four vendor's lien notes that had been given as part of the purchase price of the tract of land conveyed thereby, which notes had been kept in full force and effect, as well as the lien, by extension agreements. The deed was filed for record on February 1, 1932.

On April 12, 1945, A. L. Webster and wife, Clyde Webster, conveyed the land in question to A. L. Bell for a consideration of $1,884.47, with $300 paid in cash and the balance by a vendor's lien note payable in monthly installments; less an undivided one-half interest in and to all of the oil, gas, and other minerals under said land for a period of 20 years and as long thereafter as oil, gas, or other minerals are produced in paying quantities. The deed was filed for record on April 14, 1945.

A. L. Webster died some time prior to May 27, 1946. He left a will which was duly probated in the County Court of Harrison County, Texas, in which he named his wife, Clyde Webster, as sole devisee and independent executrix without bond.

On July 14, 1951, A. L. Bell and wife, Ellen Bell, joined by Mrs. Clyde Webster, individually and as independent executrix of the estate of A. L. Webster, deceased, executed a lease to Atlantic Refining Company, as lessee, the identical mineral interest conveyed to A. L. Bell by A. L. Webster and wife, Clyde Webster; it being provided in the deed to Bell that Webster and wife would join in the execution of all oil, gas, and mineral leases.

On May 14, 1953, Mrs. Clyde Webster filed a trespass to try title suit against R. V. Whiteside. On May 23, 1957, A. L. Bell joined her as a party plaintiff in the suit by an amended petition filed on that day.

On June 2, 1958, Mrs. Clyde Webster died. Her will was admitted to probate in the County Court of Harrison County, Texas, on June 16, 1958, in which Wilbur Floyd Ross was named independent executor without bond. On May 25, 1959, by order of the District Court of Harrison County, Texas, Ida Mozelle Velaguar and husband, Victor J. Velaguar, and Wilbur Floyd Ross were substituted as parties plaintiff in lieu of Mrs. Clyde Webster, deceased.

The plaintiffs and defendant each filed a motion for a summary judgment. The motions were submitted to the District Court, and after a final hearing, argument of counsel, and consideration by the court, the District Court found and returned judgment in favor of the plaintiffs on June 4, 1959. The trial court denied the motion for judgment by the defendant. The defendant, Whiteside, excepted and has perfected his appeal to this court and brings forward seven points of error in which he complained of the action of the trial court in rendering judgment for the plaintiffs because: (1) the record in this case fails to show facts which amounted to a legal recision of the sale from Sherrod to Spann; (2) the undisputed facts of the case show that at the time Howard Spann and wife reconveyed the property in question to A. L. Webster, Spann had been indulged in the payment of his vendor lien notes by three separate extensions, and ten years had expired since the last of the said notes was originally due, so

that the reconveyance by Spann to Webster without notice to Whiteside could not operate to cut off his mineral interests; (3) the undisputed facts show that at the time Spann reconveyed the land to Webster substantial payments amounting to three-eights of the original consideration had been made and Webster would have no right to rescind without notice to Whiteside, and without returning those payments or allowing due credit for them in an action against Whiteside; (4) the record shows that if a proper recision had been made by Webster with notice to Whiteside, Whiteside would have been entitled to require a marshalling of assets. Webster has since disposed of the property to Bell at a consideration in excess of the balance due upon the Spann notes, and in any event Webster was content to accept a deed to the title which Spann could convey in 1932 in consideration of the cancellation of the notes, and it is reasonably inferable that Whiteside's mineral interest would not need to be foreclosed in order to satisfy the balance of the Spann notes; (5) the court held that R. V. Whiteside was obligated continuously to search the records after the date upon which he obtained title to one-half the minerals to see that nothing was filed for record in derogation to his title; (6) in placing the burden upon R. V. Whiteside to take affirmative action within a reasonable time after Spann and wife executed his private conveyance to Webster in 1932 on the theory of laches. Laches is no more than one branch of the doctrine of equitable estoppel, and nothing in this record shows that any detriment has been suffered by the plaintiffs as a result of delay; and (7) in placing the burden upon R. V. Whiteside to take affirmative action within a reasonable time after Howard Spann executed his private conveyance to Webster in 1932 because without notice to Whiteside and proper adjustment of equities there could be no recision which would require affirmative action by Whiteside. The points are all argued together in the appellant's brief.

Spann only conveyed an equitable title in the minerals in 1919, and such equitable interest depended upon Spann paying off the balance of the notes to make the interest conveyed to Fitzpatrick and by Fitzpatrick conveyed by quit-claim deed to Whiteside become absolute. When Spann had failed to pay off the notes, with three extensions, and then reconveyed the land to Webster, who held the original lien from Sherrod, Webster was under no obligation to give Whiteside any notice of the reconveyance. Howell et al. v. Townsend, Tex.Civ.App., 217 S.W. 975, writ refused. Whiteside could not take the position that he was entitled to notice of the recision of the deed between Spann and Webster. The deed from Spann to Webster amounted to a recision of the original contract. The appellant cites many authorities, but none of them are in point. The sole question for determination in this law suit is whether or not Whiteside was entitled to notice of the deed from Spann to Webster. Under the holding of Revard et al. v. Wood, et al., Tex.Civ.App., 156 S.W.2d 561, writ refused for want of merit, Whiteside was not entitled to such notice. Such is the holding of the Supreme Court of Texas in the case of State v. Forest Lawn Lot Owner's Ass'n, 152 Tex. 41, 254 S.W.2d 87. See, also, Yett v. Houston Farms Development Co., et al., Tex.Civ.App., 41 S.W.2d 305, e. r.; Spencer & Co. v. May, Tex.Civ.App., 78 S.W.2d 665, e. r.; Barr, et al. v. Wall, et al., Tex.Civ.App., 265 S.W.2d 208, error refused, n. r. e.; Wier, et al. v. Yates, Tex.Civ.App., 237 S.W. 623, error refused.

As to whether or not Whiteside was guilty of laches, the law is well settled against him. The fact that he was absent from the state would not relieve him of the necessity of keeping a check upon his deal. Walet v. Haskins, 68 Tex. 418, 4 S.W. 596. The courts have further held that a delay in institution of suit after the accrual of the cause of action is fixed by statute. Turner v. Hunt, Tex.Com.App.,

131 Tex. 492, 116 S.W.2d 688, 117 A.L.R. 1066, opinion approved by the Supreme Court; Barr, et al. v. Wall, et al, Tex.Civ. App., 265 S.W.2d 208, writ refused, n. r. e.

When Whiteside stood idly by for 27 years without tendering payment for the vendor's lien notes, or offering to do equity, he was guilty of laches and he had no equity of redemption because of his stale demand as a matter of law. Stone Cattle & Pasture Co., v. Boon, 73 Tex. 548, 11 S.W. 544.

The points of error are overruled, and the judgment is affirmed.