**TAYLOR v. LESTER et al.** (No. 7297.)

Court of Civil Appeals of Texas. Austin.
Dec. 19, 1928.

Rehearing Denied Jan. 2, 1929.

Critz & Woodward, of Coleman, and Butts & Wright, of Cisco, for appellant.

Dibrell & Starnes, of Coleman, and Lightfoot, Robertson, & Scurlock, of Fort Worth, for appellees.

McCLENDON, C. J. Appellant sued appellees for breach of contract whereby appellant agreed to transfer to appellee Lester certain oil leases. The trial court sustained three special exceptions to plaintiff's petition which questioned the sufficiency of the description of the lands in the writings sued upon as meeting the requirements of the Statute of Frauds (Rev. St. 1925, art. 3995), and the suit was thereupon dismissed. From this judgment Taylor has appealed.

The sole question presented is whether the writings sued on described the land proposed to be leased with sufficient definiteness to meet the objections urged.

Appellant alleged that he was the owner of oil leases covering some 2,500 acres of land in the northwestern part of McCulloch county, which lands he described in his petition; that on June 15, 1926, appellant made to appellee Lester the following proposal in writing, which Lester accepted by indorsement to that effect:

"This will confirm our verbal agreement as follows:

"I am the holder of a block of leases, covering 2,500 acres in northwest McCulloch County, fee title being in Vivian Taylor, C. F. Kirk, N. Kirk, W. S. Dickenson et al.; and you are to have your choice of any 1,500 acres in said block for a consideration of $1,000.00, and a well to be drilled on said 1,500 acre tract to a depth of 1,800 feet, unless oil or gas in paying quantities are encountered at a lesser depth. You are to have 15 days in which to work the geology upon said land and upon your reporting that you are desirous of taking up this option a further contract will be entered into covering all matters in detail."

That on July 7, 1926, Lester addressed to Taylor the following communication in writing:

"I herewith accept in full this agreement, as the geology has been passed.

"You are to furnish me with abstracts covering the following lands: South half of Sec. 1, L. Cox 320 acres, Sec. 1303, 320 acres, Sec. 1304, 320 acres, all of L. Cox land, also N. E. quarter Sec. 3, J. L. Barnes, West Quarter Sec. 4, 320 acres, V. Taylor, N. W. of N. W. Sec. 5, McMath, a total of 1,520 acres. Upon acceptance of title by my attorney, the cash consideration of $1,000.00 will be paid you. Should any objections be found to the title you shall use your best endeavors to same cured at earliest moment possible."

It was further alleged that abstracts in accordance with the latter communication were furnished and were approved by Lester's attorney, but "if plaintiff be mistaken then he respectfully represents and shows unto the court that the defendant represented to him that he had said abstracts examined and they were acceptable to him and by virtue of said representations the said W. V. Lester is es-

topped to deny that said titles were approved and perfected and said titles were accepted by him."

The several writings signed by the parties by reference clearly identify the subject-matter of the contract and fully meet the requirements of the Statute of Frauds. It is not necessary that the property be described in the writings of the parties with sufficient definiteness to identify it, provided the writings furnish the means of identification by reference to other instruments which do identify the property. This the writings do very clearly and definitely, and therefore they are not subject to the objections urged. 8 Texas S. W. Digest, title, Deeds, pp. 9193–9195, ☞ 112 (1) and 112 (2); 18 C. J. p. 184, § 67 (f).

The trial court's judgment is reversed, and the cause is remanded for trial on the merits.

Reversed and remanded.

### On Motion for Rehearing.

Appellees in rehearing motion for first time urge two additional grounds for holding description in writing sued on insufficient, namely:

1. That state in which land is located is not given.

2. That character of leases is not stated.

The date line in the proposal, which was not copied in our original opinion, reads: "Cisco, Texas, June 15, 1926." This raises the presumption that the lands were in Texas. Easterling v. Simmons (Tex. Civ. App.) 293 S. W. 690; 18 C. J. p. 185, note 62.

The latter part of the proposal, beginning with the words, "a well to be drilled," clearly indicates that the subject-matter of the proposal was oil leases.

Motion overruled.