**STEWART et al. v. COLLATT et al.**

**No. 13022.**

Court of Civil Appeals of Texas. Dallas.

June 6, 1941.

Rehearing Denied Oct. 10, 1941.

See, also, Tex.Civ.App., 111 S.W.2d 1131.

Jones & Jones, of Mineola, for appellants.

West & Stanford, of Canton, and Vinson, Elkins, Weems & Francis and C. E. Bryson, all of Houston, for appellees.

YOUNG, Justice.

Suit in trespass to try title was brought by J. Clyde Stewart et al. against R. E. Collatt et al., and involved 1.3 acres of land out of the Mund Gross Survey, Van Zandt County. Defendants leveled special exceptions to that part of the petition descriptive of said acreage, which were sustained. Plaintiffs elected to stand upon their pleading and declined to amend; whereupon, the court determined that no cause of action remained, after deleting the parts affected by said exceptions, and dismissed the cause, with resultant appeal.

The third amended original petition, on which plaintiffs went to trial, is in statutory form, and, with reference to the realty claimed, described it as lying in Van Zandt County, "A part of the Mund Gross Survey and being 1.3 acres off the South end of the following described tract of land: Beginning at a post set in original line of said survey; Thence West 247.3 vrs. stake for corner; Thence South 361.8 vrs., stake for corner; Thence East 247.3 vrs., stake for corner; Thence North 361.8 vrs., to the place of beginning, containing 16 acres of land, more or less, and known as the Collatt home place. Said 1.3 acres of land being more particularly described as follows: Beginning at the Southeast corner of the above-described 16 acre tract, stake set for corner in the Canton-Garden Valley Public Road; Thence North 81.3

feet, stake for corner; Thence West 686.7 feet, stake for corner; Thence South 81.3 feet, stake for corner in the Canton-Garden Valley Public Road; Thence East 686.7 feet with said Canton-Garden Valley Public Road to the place of beginning, and containing 1.3 acres of land, more or less."

The special exceptions urged to the pleading just quoted read (par. 2, Amended Answer): "Said defendants especially except to the alleged description of the property in controversy herein, and say that the same is insufficient in law, and of this they pray judgment of the Court. Defendants specially except to that part of description which says 'And known as the Collatt home place' for the reason same does not locate said tract by metes and bounds and does not definitely locate same."

·It will be noted that defendants' challenge to sufficiency of description, though styled a special exception, is no more than a general demurrer, save as to the allegation "And known as the Collatt home place." Even omitting all reference to the language just quoted as further identification of the premises sued for, yet the description of land in plaintiffs' petition is deemed sufficient; because, from the data furnished therein, the boundaries of the larger tract, and incidentally of the smaller one, can be definitely fixed on the ground. Porch v. Rooney, Tex.Civ.App., 275 S.W. 494, writ refused. First, a study of all above descriptive matter in the petition discloses that the east line of the Mund Gross Survey runs north and south, touching or intersecting to the south with the Canton-Garden Valley Road, which, in turn, so far as affects the land in question, runs east and west. The southeast corner of both tracts is thereby definitely fixed at a point where these lines meet—a location that can be established with certainty. So, also, is the first call in the petition made certain, viz., "Beginning at a post set in original line of said survey" (Mund Gross); for it is 361.8 vrs. north from the southeast corner just located. The boundaries of the 16-acre tract are thus easily determinable from the field notes, as a whole.

The 1.3 acres in controversy is thereby shown on the ground as a rectangle, 81.3 ft. x 686.7 ft. in size, lying alongside said Canton-Garden Valley public road, within the larger tract; and the southeast or common corner of both tracts is a stake in said road where the east line of the Mund Gross touches or intersects.

We conclude the petition complies with the statute, Art. 7366, Sec. 2, Vernon's Ann.Civ.St., which requires the same shall "describe the premises by metes and bounds, or with sufficient certainty to identify the same, so that from such description possession thereof may be delivered * * *." See 41 T. J., Trespass to Try Title, Secs. 97, 175, pp. 580, 581, 682, 683.

The judgment of the lower court is reversed and this cause remanded for further proceedings conformable to the views above expressed.