**J. D. WILLIAMS, Appellant,**

v.

**Ray ELLISON, Appellee.**

No. 7405.

Court of Civil Appeals of Texas, Beaumont.

Sept. 28, 1972.

Rehearing Denied Oct. 19, 1972.

Butts & Butts, Goodstein, Semaan & Gonzales, San Antonio, for appellant.

Johnson & Christopher, San Antonio, for appellee.

KEITH, Justice.

Defendant below appeals from a judgment decreeing specific performance of an option contract which required that he convey a specifically described ten-acre tract of land to plaintiff upon payment of the sum of $25,000. Trial was to the Court and defendant has appealed upon four points of error.

Initially, defendant owned 97.81 acres of land in a triangular tract located near the intersection of Medina Base Road and Holm Road in Bexar County, Texas. On July 22, 1965, he entered into a contract to sell to one Kaulbach a specifically described ten-acre tract out of his larger tract for a recited consideration of $30,000. This land was in the form of a square located at the intersection of the two roads mentioned above. This same instrument also granted to Kaulbach, or his assignee, an option to purchase an additional ten acres out of the remaining acreage at a price of $25,000.

We quote the terms of this option in the margin.[1]

It is undisputed that plaintiff acquired all of Kaulbach's rights under the contract and that he duly complied with each of the terms and conditions of the option agreement. Having procured a survey of the land, he exercised his option upon a ten-acre tract described by metes and bounds. Defendant refused to execute the deed and this suit followed.

Defendant's primary points upon appeal are that the description of the lands in the option agreement "is so vague, indefinite, uncertain and wanting as to be wholly insufficient" under the provisions of § 26.01 of the Business Code, V.T.C.A., [Statute of Frauds], and Art. 1288, Vernon's Ann.Civ.St. [Statute of Conveyances].

Plaintiff established by his evidence that "at least a portion of the boundary line of the 10 acre tract so purchased [under the option] shall be contiguous to a portion of the boundary line of the 10 acres described" in the deed, as set out in the option agreement. Plaintiff tendered evidence that the land described in his suit excluded "an area one acre square centered on such water well" which was also a provision of the option agreement.[2] And, the evidence is undisputed that plaintiff complied with all of the other terms of the option agreement so as to entitle him to delivery of the deed.

Thus, the question which we face on this appeal is whether or not plaintiff may enforce the option agreement in the absence of a more specific description in the written instrument.

"The established test in determining the sufficiency, for compliance with the statute of conveyances and the statute of frauds, of the description of land in deeds and in contracts to convey land is thus stated in Wilson v. Fisher, 144 Tex. 53, 56–57, 188 S.W.2d 150, 152: 'the writing must furnish *within itself*, or by reference to some other existing writing, *the means or data* by which the particular land to be conveyed may be identified with reasonable certainty.' " Broaddus v. Grout, 152 Tex. 398, 258 S.W.2d 308, 309 (1953). (emphasis by the Court.)

In essence, this is the "nucleus of description" theory advanced by the Commission of Appeals in Continental Supply Co. v. Missouri, K. & T. Ry. Co., 268 S.W. 444, 446 (Tex.Comm.App., 1925). See also, Republic National Bank of Dallas v. Stetson, 390 S.W.2d 257 (Tex.1965), and cases therein cited.

Reasonable certainty is all that the law requires, a rule laid down in Gates v. Asher, 154 Tex. 538, 280 S.W.2d 247, 249 (1955). Thus, when we examine the option agreement, we find that the original deeded acreage is set out by metes and bounds as

1. "Seller hereby grants to Purchaser an option to purchase an additional 10 acres of land at a price of $25,000.00 payable in cash. In order to exercise this option Purchaser must give written notice to Seller on or before twelve (12) months after closing of this sale and at least a portion of the boundary line of the 10 acre tract so purchased shall be contiguous to a portion of the boundary line of the 10 acres described above in this contract; provided, however, that no portion of such option tract shall include the water well presently located on Seller's land nor any portion of an area one acre square centered on such water well. The sale shall be closed within 90 days after the giving of such written notice, and Seller shall furnish a general warranty

deed and title guaranty policy free and clear of all encumbrances. Current taxes are to be prorated to date of closing.

"This agreement shall extend to and bind the heirs, executors, administrators, successors and assigns of both parties hereto."

2. Defendant complains in point three that plaintiff sought a portion of this one acre square around the well. There was a dispute in the evidence on this question and the matter was resolved in favor of the plaintiff. There being some evidence of probative force supporting the trial court's implied findings, such is controlling on this court. Commercial Union Assurance Company v. Foster, 379 S.W.2d 320, 322 (Tex.1964). Point three is overruled without further discussion.

a portion of the defendant's larger tract of land. Plaintiff was given a right to select an additional ten acres out of the remaining tract owned by defendant provided: (a) at least a portion of the boundary line of the second tract was contiguous to a portion of the boundary line of the first tract; and (b) the same shall not include any portion of one acre square centered around the water well. The ten-acre tract selected by the plaintiff met each of the above requirements. Thus this is a so-called "selection type" of case discussed by Judge Smedley in Stekoll Petroleum Co. v. Hamilton, 152 Tex. 182, 255 S.W.2d 187, 191 (1953), in which an option to acquire leases on 4000 acres to be selected by defendant from a 5000 acre block leaving plaintiffs 1000 acres "equitably checker-boarded" was too indefinite and uncertain to be enforced. However, Judge Smedley, perhaps in dictum but with his usual care, continued:

"Petitioner, the buyer, is to acquire the lease in so far as it covers 4,000 acres to be selected by it out of the 5,000-acre block. Had nothing further been added the description might have been, probably would have been, sufficient. It has been held that when a deed gives to the grantee a tract of land of so many acres to be selected by him out of a larger body owned by the grantor, the grantee does not acquire a present title, but acquires an equitable right to make the selection and thereby to become the owner of the tract selected, but the equitable right may be lost by delay in making the selection. Turner v. Hunt, 131 Tex. 492, 496–497, 116 S.W.2d 688, 117 A.L.R. 1066. And one of the courts of civil appeals has held, in Taylor v. Lester, [Tex.Civ.App.,] 12 S.W.2d 1097, with application for writ of error refused by this court, that a contract consisting of a letter by the seller reciting that he is the owner of a block of leases covering 2500 acres in northwest McCulloch County, that the fee title is in certain named persons, and that the buyer may have his choice of any 1500 acres in said block for a stated

consideration, together with the buyer's written acceptance showing the land that he selected, sufficiently identifies the land and meets the requirements of the statute of frauds."

■ The ultimate purpose in construing the contract is to ascertain the intention of the grantor and when this intention is ascertained, that construction which carries the intention into effect governs and controls. Smith v. Allison, 157 Tex. 220, 301 S.W.2d 608, 614 (1956). Or, as was said in Worley v. Empire Gas & Fuel Co., 129 Tex. 532, 103 S.W.2d 368, 370 (1937), "Our duty is to effectuate the intention of the parties so far as possible, and disregard technical designations, or rules of construction, except as may be absolutely necessary in ascertaining the intention." We also bear in mind the admonition found in Waters v. Ellis, 158 Tex. 342, 312 S.W.2d 231, 234 (1958):

"It is to be presumed that the parties intended to effect a conveyance and a construction affirming the validity of a deed will be adopted in preference to one which would nullify the instrument."

■ Being of the opinion that the option agreement was valid and enforceable, points one and two are overruled.

■ Finally, in point four, defendant contends that it was error for the trial court to grant specific performance "for the reason that such is grossly inequitable." Defendant does not claim that the contract resulted from any fraud or overreaching. Instead, defendant points to his testimony given upon the hearing on the motion for new trial to the effect that the option agreement, as enforced by the court, was contrary to his intentions at the time of signing the instrument. Putting aside the question of our right to consider such testimony, it not having been introduced upon the trial of the case, we find the answer in Bennett v. Copeland, 149 Tex. 474, 235 S.W.2d 605, 609 (1951), wherein the Court, quoting from an out-of-state case said: " '[A] con-

tract for the sale of land will be enforced as a matter of right, regardless of its wisdom or folly, if fairly and understandingly made.' "

Continuing our quotation from *Bennett, supra,* and which is again quoting from another out-of-state case, the Court said: " '[C]ourts cannot arbitrarily refuse specific performance of a contract, because they deem it unwise, or because subsequent events disclose that it will result in a loss to defendant; but to justify the refusal of this relief it must appear that the defendant had been misled and overreached to such an extent that the contract is unconscionable.' "

■ From our review of the record—and particularly since there is no complaint that defendant was misled or overreached—we do not find that the option agreement is unconscionable. It was one which the parties were at liberty to make and the courts will not take rights thereunder from either party. Wood Motor Co. v. Nebel, 150 Tex. 86, 238 S.W.2d 181, 186 (1951).

Finding no reversible error, the judgment of the trial court is in all things

Affirmed.