**J. D. WILLIAMS, Petitioner,**

**v.**

**Ray ELLISON, Respondent.**

No. B–3687.

Supreme Court of Texas.

April 11, 1973.

Rehearing Denied May 9, 1973.

Goodstein & Semaan, Fred A. Semaan, Butts & Butts, Charles D. Butts, San Antonio, for petitioner.

Johnson & Christopher, Henry W. Christopher, Jr., San Antonio, for respondent.

SAM D. JOHNSON, Justice.

Suit was brought by the respondent, Ray Ellison, for specific performance of an option contract to purchase ten acres of land in Bexar County, Texas, against the petitioner, J. D. Williams. Trial was to the court which ordered specific performance. The court of civil appeals affirmed. 486 S.W.2d 186. We reverse the judgments of the courts below.

The petitioner Williams was the owner of a triangular-shaped 97.81 acres of land located between Frio City Road, Medina Base Road and Holm Road in Bexar County, Texas. On July 22, 1965, he entered into a contract to sell a specifically described ten acres (herein referred to as "first tract") to respondent's assignor, one Kaulbach, for $30,000. This first tract was in the form of a square with each side being 660 feet in length. It was located adjacent to and at the intersection of Medina Base Road and Holm Road. While the contract specifically described this first tract, it made no reference to the larger triangular-shaped 97.81-acre tract of which it was a part.

By the terms of this same instrument, an option was given to Kaulbach, or his assignee, to purchase an additional ten acres (herein referred to as "option tract") for the sum of $25,000. The option tract was unspecified, however, and the contract's complete reference to and description of it is as follows:

"Seller hereby grants to Purchaser an option to purchase an additional 10 acres of land at a price of $25,000.00 payable in cash. In order to exercise this option Purchaser must give written notice to Seller on or before twelve (12) months after closing of this sale and at least a portion of the boundary line of the 10 acre tract so purchased shall be contiguous to a portion of the boundary line of the 10 acres described above in this contract; provided, however, that no portion of such option tract shall include the water well presently located on Seller's land nor any portion of an area one acre square centered on such water well. The sale shall be closed within 90 days after the giving of such written notice, and Seller shall furnish a general warranty deed and title guaranty policy free and clear of all encumbrances. Current taxes are to be prorated to date of closing.

"This agreement shall extend to and bind the heirs, executors, administrators,

successors and assigns of both parties hereto."

In October 1965, Williams conveyed the first tract to Kaulbach and received the sum of $30,000. Kaulbach assigned the option to Ellison, who then attempted to exercise the quoted option on the unspecified option tract. The purchaser-respondent did so by selecting a ten-acre tract, having it surveyed and described by metes and bounds. The option tract selected was made to be adjacent to the 660-foot south boundary of the first tract for a distance of 90 feet. The option tract was made then to proceed south along Holm Road for a distance of 1,503 feet, then east, then north, then west and north around the water well and back to the place of beginning. Pursuant to the option contained in the contract, the option tract selected did not include any portion of the one-acre square centered on the water well. The selection made by the purchaser was timely communicated to the owner-petitioner. For the purposes of this opinion it is assumed that the quoted provisions of the option were fully complied with by the purchaser-respondent. It was on these circumstances and upon the refusal of the owner-petitioner to execute a deed that this suit ensued.

The essential issue to be determined is whether the description of the option tract in the contract is "so vague, indefinite, uncertain and wanting as to be wholly insufficient" under the provisions of Tex.Bus. & Commerce Code § 26.01, V.T.C.A. (Statute of Frauds). We hold that it is insufficient.

■ This Court has consistently stated that the test for determining the sufficiency of the description of land in contracts to convey land, for compliance with the statute of frauds, is that "[t]o be sufficient, the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the land to be conveyed may be identified with reasonable certainty." Morrow v. Shotwell, 477 S.W.2d 538 (Tex.1972), and see cases

therein cited. This has been referred to as the "nucleus of description" theory. Republic National Bank of Dallas v. Stetson, 390 S.W.2d 257 (Tex.1965); Continental Supply Co. v. Missouri, K. & T. Ry. Co., 268 S.W. 444, 446 (Tex.Comm.App.1925, jdgmt adopted).

■ In the relevant section of the contract, there are only two parts which may be construed as descriptive of the option tract. The first provides that at least a portion of its boundary line shall be contiguous to a portion of the boundary line of the first tract. The second provides that the option tract shall not include any portion of a one-acre tract centered on the water well. The total language of the contract, therefore, does no more than provide a site of origin for the option tract, that is, for whatever distance it is made to be contiguous to the first tract.

No hint is supplied as to the distance for which these two tracts were intended to be adjacent or as to which one or more of the first tract's four boundaries the option tract was intended to be abutting. With the description supplied, a surveyor could go upon the premises and only know that the point of origin of the option tract would be somewhere along one or more of the four boundaries of the first tract. He would be given no clue as to the common boundary's length and might presume it to extend an inch or for any distance along any one or more of the first tract's boundaries. Beyond this, he could not ascertain the length, breadth, direction or shape of the remaining calls. The contract places no limits on the option tract to be selected to lands owned by the seller, to any larger tract, to any survey, or to any political or geographic subdivision. The writing cannot be said to furnish *within itself* the means or data by which the option tract may be identified.

Beyond the foregoing, the contract makes no reference to any other existing writing, record or document which might supply the means or data by which the op-

tion tract could be identified. There is therefore no reference to anything *outside* the contract, by resort to which certainty could be attained.

Respondent strongly contends, however, that this is a "selection type" case where the property to be conveyed, though not presently subject to identification, is to be selected at a subsequent time. Respondent's principal reliance is placed upon Taylor v. Lester, 12 S.W.2d 1097 (Tex. Civ.App.—Austin 1929, writ ref'd); Turner v. Hunt, 131 Tex. 492, 116 S.W.2d 688 (1938); and Stekoll Petroleum Co. v. Hamilton, 152 Tex. 182, 255 S.W.2d 187 (1953).

In Taylor v. Lester, supra, the plaintiff accepted the defendant's offer to sell land which was described (page 1097) as follows:

"I am the holder of a block of leases, covering 2,500 acres in northwest McCulloch County, fee title being in Vivian Taylor, C. F. Kirk, N. Kirk, W. S. Dickenson et al.; and you are to have your choice of any 1,500 acres in said block . . . ."

The court there rejected the contention that the description violated the statute of frauds and held the agreement enforceable. There, however, the larger tract from which the choice was to be made was fully described.

In Turner v. Hunt, supra, the plaintiff purchased 24 acres off the east end of an 82-acre tract owned by the defendant. The deed recited (116 S.W.2d page 689), "[t]here is also conveyed by this conveyance one acre of land for house setting, said acre to be surveyed at any suitable place along the south boundary line of said 82 acre tract, making 25 acres deeded in all." Some ten years thereafter the plaintiff caused to be surveyed an acre of land out of and along the south boundary of the 82-acre tract. The court there stated that "[w]hile the deed to Turner [the plaintiff] does not itself identify the acre of land,

it gives Turner the right by making selection to render the description certain." The court called this an "equitable right to choose." There also the larger tract, from which the selection of the additional one acre was to be made, was fully described.

In Stekoll Petroleum Co. v. Hamilton, supra, the instrument involved was an assignment of oil and gas leases. The assignment gave the buyer the right to acquire 4,000 acres of a 5,000-acre block, reciting (255 S.W.2d page 191), "said 4,000 acres to be selected by Buyer leaving Sellers 1,000 acres equitably checker-boarded in a fashion similar to the checker-boarding in the first block above identified." The court stated that if the contract in question had merely given the buyer the right to select 4,000 acres of the 5,000-acre lot, the description would probably have been sufficient. The court was unable to find a definite pattern of checkerboarding of the first block, however, and the description of the land was therefore determined to be indefinite, uncertain and unenforceable under the statute of frauds. Here again the larger 5,000-acre block, out of which the option acreage was to be selected, was specifically and accurately described.

■ None of the statutes of frauds contain any specific provision regarding the description or designation of land which will be required. This is a matter of judicial construction as to what is reasonably necessary and the import of the decisions is that the property must be described or designated with reasonable certainty. 23 A.L.R.2d 6. The reasoning of those decisions is applicable here; the property from which a selection is to be made must likewise be described or designated with reasonable certainty. Here, however, and as previously stated, the contract places no limits on the location of the option tract to lands owned by the seller, to any larger area, to any survey or to any political or geographic subdivision. Other than specifying that to some uncertain length the op-

tion tract must share a common boundary with the first tract, the location of the option tract stands without limitation. A contracting party well may enforce an otherwise valid option providing for the selection of property from a larger definitely described tract, but where the larger tract is not described or designated with reasonable certainty it necessarily must be held to be too vague, indefinite and uncertain to be enforceable. 46 A.L.R.2d 894.

For the reasons stated the judgments of the courts below are reversed and judgment is rendered for the petitioner, J. D. Williams.

## ON MOTION FOR REHEARING

WALKER, Justice (concurring).

In my opinion the failure to specify the tract out of which the land is to be selected does not, in itself, render the description insufficient under the Statute of Frauds. There is nothing in the contract, however, to show that the selection was to be made by respondent rather than by petitioner or by the parties jointly or by some third person. I agree that the description is inadequate for this reason, and I concur in the Court's judgment.