Â 








In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00045-CR
______________________________


JEROLD GAUT, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 97-0048X


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss








MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Jerold Gaut appeals from his aggravated sexual assault conviction on his plea of guilty under
a plea agreement. The trial court set punishment at twenty-five years' imprisonment, in accordance
with the terms of the plea agreement. The trial court filed a certification of Gaut's right of appeal
in accordance with Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure, stating that this "is
a plea-bargain case, and the defendant has NO right of appeal." See Tex. R. App. P. 25.2(a)(2).
Â Â Â Â Â Â Â Â Â Â Â Â We have jurisdiction to determine whether we have jurisdiction. Olivo v. State, 918 S.W.2d
519, 523 (Tex. Crim. App. 1996). Gaut entered into a plea agreement that the trial court did not
exceed at sentencing. Under Rule 25.2(a)(2), Gaut was entitled to appeal only "those matters that
were raised by written motion filed and ruled on before trial" or "after getting the trial court's
permission to appeal." Neither of those conditions appear, and the trial court certified that Gaut has
no right of appeal. See Comb v. State, 101 S.W.3d 724, 725 (Tex. App.âHouston [1st Dist.] 2003,
no pet.).
Â Â Â Â Â Â Â Â Â Â Â Â Because we lack jurisdiction, we dismiss this appeal.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â February 15, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â February 16, 2005

Do Not PublishÂ Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



 tort claims were duress and coercion, which were before the court and
properly subject to the Bank's no-evidence summary judgment motion. It also argues there was no
evidence to controvert its allegations that credit was given to the notes of Tommy and Wanda as
consideration for the transfer of the property.

 The Bank argues the deed of the twenty-acre tract sufficiently describes the property to meet
the requirements of the statute of frauds.

 Finally, the Bank argues there is no summary judgment evidence to controvert its claims for
attorney's fees--only legal conclusions that those fees were excessive. 

III. Discussion 

 A. Standard of Review 

 When reviewing a summary judgment, we take as true all evidence favorable to the
nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. 
Limestone Prods. Distrib., Inc. v. McNamara, 71 S.W.3d 308, 311 (Tex. 2002); Rhone-Poulenc, Inc.
v. Steel, 997 S.W.2d 217, 223 (Tex. 1999). On appeal, the movant must show that there is no
material fact issue and that the movant is entitled to judgment as a matter of law. McNamara, 71
S.W.3d at 311; Steel, 997 S.W.2d at 223.

 B. Homestead 

 The Bank correctly states that the homestead defense now advocated by the Fearses was not
presented to the trial court by pleading or by summary judgment response. No pleading raising the
homestead issue was filed until after the trial court had conducted a hearing on the motions for
summary judgment and advised the attorneys in writing of its decision. There is no showing that the
trial court was ever presented with or considered this argument. Having not timely presented the
issue to the trial court, it cannot now be considered. 

 C. Duress, Coercion, and Fraud

 The next series of complaints is generally directed at the portion of the summary judgment
in which the court found the Bank conclusively proved it had not engaged in a series of misdeeds
in order to obtain the rights to the Fearses' property--or, alternatively, that the Fearses had provided
no evidence to support those allegations.

 In the Fearses' original response to the first motion for summary judgment, they claimed that
an issue of fact existed on its document-related claims, and on their claims of lack of consideration,
fraud, duress, illegal coercion, and extortion--all of which were based on the appendices attached
to their response. The appendices consist of the depositions of Homer (forty-five pages of content),
Louise (eight pages of content), and Tommy (thirty-five pages of content).

 The Bank's sole defensive argument in this context is that the response is structurally
inadequate because the Fearses' counsel did not adequately direct the trial court's attention to any
particular portion of these depositions as support. 

 Homer's deposition contains allegations that the Bank threatened to "send my son to prison,"
and to avoid that, Homer and his wife executed the fifty-acre deed to the Bank. Homer further stated
he and his wife received nothing for granting the deed to the Bank.

 Louise testified she had been upset about the possibility of conveying the fifty acres to the
Bank, but Tommy stated the Bank was to take everything he had and send him to prison and that he
had tried to shoot himself, but the gun misfired. She stated they only agreed to grant the Bank the
deed because the Bank officer told her that Tommy could go to prison. 

 Tommy testified about the history of his notes with the Bank--and his subsequent
bankruptcy, and about a number of other matters, including the death of his son at about the time of
the Bank's activities. Tommy also stated there was a trailer confiscated by the Bank that was not part
of the collateral for any note--and which in fact did not belong to him.

 The Bank argues that none of this can be considered as evidence in response to its no-evidence motion for summary judgment because it was filed in response to the Bank's first motion
for summary judgment, rather than the second (no-evidence) motion. The Bank directs our attention
to Saenz v. Southern Union Gas Co., 999 S.W.2d 490 (Tex. App.--El Paso 1999, pet. denied), as
support for its position. 

 In Saenz, the plaintiff filed a summary judgment response to a traditional motion in 1995. 
On November 25, 1997, the defendant filed a no-evidence motion, which was heard in December. 
Although Saenz filed a response, it was untimely, and the El Paso court held that it would not
consider the 1995 response as providing evidence. (6)
 The El Paso court stated that, even though a
nonmovant is not required to "needlessly duplicate evidence already found in the court's file," he or
she is required to make sure the evidence is properly before the trial court for its consideration in
ruling on the motion for summary judgment. Id. at 494.

 As in Saenz, here, the Fearses did not request the trial court take judicial notice of the
evidence presented in the answer to the previous motion for summary judgment, nor did they
incorporate that response or even refer to it. See Kalyanaram v. Burck, 225 S.W.3d 291, 301 (Tex.
App.--El Paso 2006, no pet.) (affidavit dated July 28, 2004, not attached to or referenced in 2005
response to motion for summary judgment, thus not considered by the court); Steinkamp v.
Caremark, 3 S.W.3d 191, 195 (Tex. App.--El Paso 1999, pet. denied) (incorporation by reference
to previous answer found to properly present such evidence to the trial court); McMillan v. Hillman
Int'l Brands, Ltd., No. 14-03-01392-CV, 2004 Tex. App. LEXIS 6738 (Tex. App.--Houston [14th
Dist.] July 27, 2004, pet. denied) (mem. op.).

 The result is this: Even if we concluded that we should review the entirety of the
depositions--which is questionable, see Rogers v. Ricane Enters., Inc., 772 S.W.2d 76, 81 (Tex.
1989) (holding general references to voluminous record do not direct trial courts and parties to
evidence on which movant relies); Guthrie v. Suiter, 934 S.W.2d 820, 826 (Tex. App.--Houston [1st
Dist.] 1996, no writ)--they were not filed in response to the no-evidence motion and were not
otherwise presented, by incorporation or reference, to the trial court. Further, over eight months
elapsed between the Bank's filing of its traditional motion and its no-evidence motion. The summary
judgment on those issues was thus properly rendered.

 D. Failure or Lack of Consideration

 As part of their second point of error, the Fearses allege that, when they conveyed the fifty
acres to the Bank, they received no consideration and it is therefore voidable. However, it is
undisputed that, at the time of the conveyance, the Bank credited the note of Tommy and Wanda in
the amount of $36,000.00. A valuable and legal consideration may consist either of a benefit to the
promissor or a loss or detriment to the promissee. Minton v. Riverside State Bank, 399 S.W.2d 196,
198 (Tex. Civ. App.--Fort Worth 1966, no writ). We find the evidence shows conclusively that
consideration was given for the conveyance. 

 E. Statute of Frauds--Twenty-Acre Tract 

 The Fearses contend the judgment was improper because the twenty-acre deed conveyed
from Homer and Louise to Tommy and Wanda did not comply with the statute of frauds and was
therefore void. Consequently, the twenty-acre deed Tommy executed in the Bank's favor conveyed
nothing. This complaint is based on the Fearses' position that the description of the property is
insufficient to allow it to be located from the instrument of conveyance.

 The Bank responds by complaining that the Fearses' expert testimony was inadequate. That
misapprehends the nature of this argument. The contention is that the document itself is legally
invalid. If so, that is shown on the face of the document--as a matter of law. That particular
question is not an issue susceptible to evidentiary proof. 

 However, there is some purpose for having evidence from a surveyor--it provides some
indication the property could be identified on the ground--which is one of the matters that is
important in such a review.

 The statute of frauds requires that all conveyances of real property be in writing and signed
by the party to be charged. See Tex. Bus. & Com. Code Ann. § 26.01(b)(4) (Vernon Supp. 2007). 
For a land sales contract to meet the requirements of the statute of frauds, it must furnish within itself
or by reference to another existing writing the means or data to identify the particular land with
reasonable certainty. See Pick v. Bartel, 659 S.W.2d 636, 637 (Tex. 1983); Jones v. Kelley, 614
S.W.2d 95, 99 (Tex. 1981) (citing Morrow v. Shortwell, 477 S.W.2d 538, 539 (Tex. 1972); Wilson
v. Fisher, 144 Tex. 53, 188 S.W.2d 150, 152 (1945)). The purpose of a description in a written
conveyance is not to identify the land, but to afford a means of identification. Jones, 614 S.W.2d
at 99-100. A description's validity under the statute of frauds is not affected by the knowledge or
intent of the parties. See Morrow, 477 S.W.2d at 540. Further, a plat made from extrinsic evidence
cannot give validity to the description in the sales contract. See id.; Mayor v. Garcia, 104 S.W.3d
274, 276-77 (Tex. App.--Texarkana 2003, pet. dism'd w.o.j.).

 The legal description in the conveyance must not only furnish enough information to locate
the general area, as in identifying it by tract survey and county, it need contain information regarding
the size, shape, and boundaries. See Morrow, 477 S.W.2d at 539; Matney v. Odom, 147 Tex. 26, 210
S.W.2d 980, 982 (1948). (7) If enough appears in the description so that a person familiar with the area
can locate the premises with reasonable certainty, it is sufficient to satisfy the statute of frauds. 
Gates v. Asher, 154 Tex. 538, 280 S.W.2d 247, 248-49 (1955). Even when "[t]he record leaves little
doubt that the parties knew and understood what property was intended to be conveyed, . . . the
knowledge and intent of the parties will not give validity to the contract; and neither will a plat made
from extrinsic evidence." Morrow, 477 S.W.2d at 540 (citations omitted); Reiland v. Patrick
Thomas Props., Inc., 213 S.W.3d 431, 437 (Tex. App.--Houston [1st Dist.] 2006, pet. denied).

 If a conveyance of an interest in real property does not sufficiently describe the land to be
conveyed, it is void and unenforceable under the statute of frauds. See Republic Nat'l Bank of Dallas
v. Stetson, 390 S.W.2d 257, 261 (Tex. 1965). Such a contract, deed, or conveyance will not support
an action for specific performance or a suit for damages for a breach of contract. Wilson v. Fisher,
144 Tex. 53, 188 S.W.2d 150, 152 (1945); Reiland, 213 S.W.3d at 437.

 The specific twenty-acre deed complained of is attached as an exhibit to the Bank's first
motion for summary judgment. It purports to transfer property from Homer and Louise to Tommy
and Wanda, and is dated December 11, 1995. There is no metes and bounds description. The
description reads as follows:

 Being 20 acres off of the West end of the following described one-hundred
acre tract, the boundaries of such 20 acres to be located so as not to include any of
the waters of Shawnee Creek, said one-hundred acre tract described as follows:

 Being a tract of 100 acres, situated in the Daniel Reel Survey, Rusk County,
Texas and being the same land described and conveyed in Deed from J.Â H. Turner to
J.Â L. Fears, dated August 16, 1901, and recorded in Volume 47, Page 620, Deed
Records of Rusk County, Texas.


 There is adequate description of the location of the 100 acres--by reference to the official
deed records of the county. The question is whether the description of the twenty-acre portion of that
100-acre tract is legally sufficient.

 The Bank attached a surveyor's plat made as the result of a survey conducted by a Texas
registered public surveyor to its first motion for summary judgment; this plat purports to describe
a seventy-acre tract comprised of the fifty-acre tract and the twenty-acre tract. This plat reflects the
twenty acres' south boundary to be common with the fifty acres' north boundary and for the two tracts
to possess a common west corner. There is, however, no evidence to explain how the surveyor
established the boundary lines of the twenty-acre tract shown on his plat. The Bank simply argues
the description is sufficient because a surveyor located the property and prepared the "plats and
metes and bounds descriptions as referenced." 

 Texas courts use a fairly strict application of the statute of frauds and conveyances, yet, the
courts have also noted that the words of description are given a liberal construction in order that a
conveyance may be upheld. Although parol evidence may be admitted to explain the descriptive
words and to identify the land where the instrument contains a "nucleus" of description, Gates, 280
S.W.2d 247; Smith v. Sorelle, 126 Tex. 353, 87 S.W.2d 703 (1935); Miller v. Hodges, 260 S.W. 168
(Tex. Comm'n App. 1924), none appears in this case. We also note that even language stating the
land is "my property," "my land," or "owned by me" "is sufficient when it is shown by extrinsic
evidence that the party to be charged and who has signed the contract or memorandum owns a tract
and only one tract of land answering the description in the memorandum." Kmiec v. Reagan, 556
S.W.2d 567, 569 (Tex. 1977) (quoting Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222, 223
(1949)). 

 Nevertheless, to be sufficient, the deed must furnish within itself, or by reference to some
other writing, the means or data by which the land to be conveyed may be identified with reasonable
certainty. Id. at 569; Morrow, 477 S.W.2d at 539; Littlejohn v. Kariel, 568 S.W.2d 452, 454 (Tex.
Civ. App.--Waco 1978, no writ) (finding description in deed insufficient when it referred to "50
acres .Â .Â . off the South end" of a specified tract).

 In this case, to simply describe property as "off of the west end," even when the main
property is adequately identified, is not sufficient, standing alone, to determine where, or at what
angle, or series of angles, the property was divided from the main part. See Matney, 210 S.W.2d at
982 ("If the shapes respectively of the two pieces of land had been stated and course and distances
of boundary lines called, and the four acres had been designated 'off of' instead of 'out of' the larger
piece, a less difficult question would be presented. However, under the established law of this state,
the descriptive language used in this lease is vitally lacking in definiteness."). Even though the
surveyor set boundaries, there is no evidence he was able to locate the twenty-acre tract in question
with reasonable certainty based on the data contained in the deed or any other writing. The survey
appears to place the twenty-acre tract in the northwest corner of the 100-acre tract. We find nothing
in the description of the property that would provide data to establish that the property was located
in the northwest corner. The difficulty with the description is that it refers only to "[b]eing 20 acres
off of the West end of the following described one-hundred acre tract." In order to establish the
precise location of the twenty acres, one must engage in inference and conjecture to determine its
boundaries. This description is somewhat like that in Williams v. Ellison, 493 S.W.2d 734, 735
(Tex. 1973), in which the property was described as: "a portion of the boundary line of the 10 acre
tract so purchased shall be contiguous to a portion of the boundary line of the 10 acres described
above in this contractÂ .Â .Â . ." The Texas Supreme Court held the description did no more than provide
a site of origin for the option tract. Id. at 736. Likewise, here, the description merely provided that
the twenty-acre tract was "off of" the west end of the 100-acre tract. It did not provide any distance
that such tract was to be contiguous with the west end. Theoretically, a twenty-acre tract could have
been "off of the west end" of the 100-acre tract even if it had a mutual boundary for a very short
distance. Neither did the description provide any length, breadth, or shape of the referenced twenty-acre tract. The writing did not supply sufficient information within itself or by reference to another
document to locate the twenty-acre tract. The only other reference was to the original 100-acre tract,
from which it was supposed to be carved, and that is not sufficient to assist in identifying and
locating this twenty-acre tract with reasonable certainty. Thus, the deed fails to satisfy the statute
of frauds and is void and unenforceable.

 F. Attorney's Fees

 The trial court awarded the Bank attorney's fees on its "cross-action" for declaratory judgment
against the Fearses and established the Bank's ownership of both the fifty-acre tract and the twenty-acre tract. The declaratory judgments statute allows the court to award reasonable and necessary
attorney's fees "as are equitable and just." Tex. Civ. Prac. & Rem. Code Ann. Â§Â 37.009 (Vernon
1997). One of the considerations in determining a reasonable attorney's fee is "the amount involved
and the results obtained." Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex.
1997). Further, under the Declaratory Judgments Act, the attorney's fee is also subject to the court's
determination that the fee is equitable and just. When the court awarded the attorney's fee, the Bank
had prevailed in all respects; we have determined the judgment is in error regarding twenty of the
seventy acres involved. Therefore, we cannot be reasonably certain the trial court was not
significantly influenced in awarding attorney's fees by an erroneous conclusion that the Bank should
recover the entire seventy acres. Consequently, we reverse the award of attorney's fees and remand
to the trial court for further consideration in light of our opinion. See Barker v. Eckman, 213 S.W.3d
306, 314 (Tex. 2006); Avco Corp. v. Interstate Sw., Ltd., No. 14-05-00860-CV, 2007 Tex. App.
LEXIS 8838, at *97 (Tex. App.--Houston [14th Dist.] Nov. 1, 2007, no pet. h.). (8)

 We affirm the judgment as to the Fearses' claims concerning the fifty-acre tract. Having
found the conveyance of the twenty-acre tract void and unenforceable, we reverse and render
judgment on that issue. The attorney's fee issue is reversed and remanded for further proceedings
consistent with this opinion.



 Jack Carter

 Justice

 


Date Submitted: December 10, 2007

Date Decided: February 6, 2008

1. They sought 1) to have the first deed set aside, 2) declaration that the second deed was
invalid, 3) judgment declaring the boundaries of their realty, 4) permanent injunction to prevent the
Bank or codefendants, Tommy and Wanda, from conveying the property owned by them, and
5)Â attorney's fees.
2. Homer, Louise, Terry, and Teresa Fears will collectively be referred to as the Fearses.
3. In the original petition, it is alleged that Terry Fears and wife, Teresa Fears, owned the
twenty-acre tract. There is no support for that contention in the record. In the brief filed in this
Court, the Fearses argue that "legal and equitable title to the property is still in Homer and Louise
Fears." It is unclear why Terry and Teresa are included as appellants. 
4. A counterclaim is asserted against the opposing party. A cross-claim is a pleading asserted
against a coparty. Tex. R. Civ. P. 97(a), (b), (e). 
5. Summary judgment may be granted on later-pleaded causes of action if the grounds actually
asserted show that the plaintiff could not recover on the later-pleaded cause of action. Ortiz v.
Collins, 203 S.W.3d 414, 423 (Tex. App.--Houston [14th Dist.] 2006, no pet.); Espeche v. Ritzell,
123 S.W.3d 657, 664 (Tex. App.--Houston [14th Dist.] 2003, pet. denied) ("If a motion for
summary judgment is sufficiently broad to encompass later-filed claims, the movant need not amend
his motion."). In this case, the late-filed pleadings are essentially expansions of the original claims. 
New causes of action were alleged that might not fall within the scope of the previously-filed
motions for summary judgment.
6. Similarly, see Lee v. Palacios, No. 14-06-00428-CV, 2007 Tex. App. LEXIS 8193 (Tex.
App.--Houston [14th Dist.] Oct. 11, 2007, no pet. h.) (mem. op.) (ten months between first and
second motions, and first motion had been denied).

7. Cf. Stewart v. Collatt, 154 S.W.2d 891, 892 (Tex. Civ. App.--Dallas 1941, no writ) (finding
description adequate where general location specified, along with starting point and metes and
bounds description therefrom).
8. No issue is presented to this Court as to whether the Bank's counterclaim asserts a cause of
action independent of the Fearses' suit. See BHP Petroleum Co. v. Millard, 800 S.W.2d 838 (Tex.
1990).